## IRWIN *et al. vs.* McKNIGHT.

1. The practice of stating grounds of a motion for new trial incorrectly, and of correcting them by a note appended to the end of the motion, condemned.

2. Where the principal issue was whether a conveyance of land by a defendant in *fi. fa.* to a claimant was a *bona fide* transaction to secure the latter against liabilities he had incurred for the former, or whether it was made to hinder, delay or defraud creditors, and whether a continuation of defendant's possession after the conveyance to the claimant, between whom and himself the relation of son-in-law and father-in-law existed, was fraudulent, if the jury found in favor of the claimant and the presiding judge refused to grant a new trial, on the ground that the verdict was contrary to the evidence, this court will not interfere, unless his discretion in so doing was abused.

3. Where a debtor made a deed to another to indemnify such other

person as a surety of the debtor on account of liabilities which the former had assumed for him, and afterwards, when such surety paid the debts of his principal he took the land in satisfaction, the deed to him became absolute; it ceased to be a security and became an indefeasible conveyance in satisfaction of the security's demand; and t᾽ such a contract the plea of usury at the instance of a creditor of the defendant, or of the defendant himself, could not be set up.

4. Where, in a claim case, in order to obtain the opening and conclusion of the argument, claimant's counsel announced that they would admit possess᾽on in the defendant at the time the levy was made, and would assume the burden of showing title in the claimant, which was permitted by the court; but after the close of the testimony on both sides, the court held the plaintiff entitled to the opening and conclusion, it was not error to permit claimant's counsel to withdraw his admission. If the object of the admission was defeated, he should have been allowed to withdraw it.

April 27, 1886.

Practice in Supreme Court. Practice in Superior Court. New Trial. Debtor and Creditor. Fraud. Interest and Usury. Deeds. Title. Payment. Claim. Before Judge STEWART. Rockdale Superior Court. August Adjourned Term, 1886.

On February 21, 1882, Irwin *et al.* recovered judgment against Zachry. Execution issued and was levied on certain real estate, and McKnight interposed a claim. The claimant relied on a deed from the defendant in *fi. fa.* to him, dated February 10, 1875. He claimed that he took this to secure himself against loss on account of going security for Zachry; that he had to pay the money, amounting to a large sum— more than the value of the property, and thereupon took possession of it, Zachry resigning it in December, 1881.

The plaintiffs insisted that the conveyance was made to hinder, delay and defraud creditors.

It is unnecessary to set out the evidence in detail. The jury found for the claimant. The plaintiffs moved for a new trial on fifteen grounds. The judge did not certify the grounds as alleged, but added a voluminous note, correcting the grounds and certifying them as corrected. The motion was overruled, and the plaintiffs excepted.

The remaining facts will sufficiently appear from the decision.

F. A. IRWIN; J. N. GLENN; J. R. IRWIN, for plaintiffs in error.

GEO. W. GLEATON; A. C. McCALLA, for defendant.

HALL, Justice.

From the confused manner in which the grounds of this motion for a new trial are presented, we cannot feel entirely satisfied that we get the precise questions intended to be made. If, however, we fail to reach them, we take no blame to ourselves. There is scarcely one of these grounds that is complete in itself, or that furnishes us with a connected view of what the court certifies he really decided. In order to ascertain this, we have been compelled to refer to the voluminous corrections appended by the judge to the end of the motion. We have had occasion more than once to condemn this mode of making up a record, and must again impress upon circuit judges and counsel the necessity of pursuing the requirments of the law in this respect. It is certainly incumbent upon parties alleging error to show it, and to secure this end with certainty, they are required to "specify plainly," not only "the decision complained of," but likewise "the error alleged to exist" therein. Code, §4251. In this latter respect, the motion referred to in, and made a part of, the bill of exceptions, is singularly deficient, and for this reason we might, and perhaps should, take no fur'her cognizance of this case; but as we find no error in the record, and as we permitted the main questions that counsel consented were in the case to be fully argued, we will determine them. This, however, is done merely *ex gratia*, and must not in the future be cited as a precedent.

2. The principal question made was, whether the conveyance of the land claimed by the defendant in execution

to the claimant was a *bona fide* transaction to secure the latter against liabilities he had incurred for the former, or was made to delay, hinder or defraud creditors, and whether the fact of the defendant remaining in possession and using the land after the conveyance was so inconsist-. ent with the deed to claimant as to raise, if unexplained, convincing evidence of its fraudulent character, when taken in connection with the near relationship of the parties— that of son-in-law and father-in-law,—and to require a diferent result from that reached by the jury. The claimant insisted that the defendant's possession was not inconsistent with the deed, which he alleges was executed only as a security, and that he was not entitled to oust the defendant until he had discharged the debts for which he became liable, and that he did not assume the possession and control of the premises until he had paid these debts; that he had fully discharged them, and that they amounted to more than the land was worth. The jury took his view of the matter, and found in his favor, and the judge who presided at the trial refused to disturb the verdict. In thus refusing, did the judge abuse his discretion? We are of the opinion he did not. There was not only enough evidence to sustain the verdict, but we are confident that it was in accordance with the weight of the evidence. Here, as in the case of *Falvey vs. Adamson*, 73 *Ga.*,498, we say "it is almost needless to remark that we will not interfere with the exercise of the judge's discretion in any case, unless it plainly appears that it has been abused. The testimony, to say the least, leaves it doubtful whether the transaction in question was *bona fide* or fraudulent; the preponderance is rather in favor of its fairness. . . . . We cannot say that the suspicious circumstances brought out by the plaintiffs' evidence were not satisfactorily explained by the facts which the defendant (claimant here) adduced." The judge heard that case both upon the law and facts, and we add, " Had a jury, trying this issue, reached this conclusion, and had the judge presiding at the

trial been content to let the verdict stand, we could not, without glaring inconsistency, and without reversing all our former decisions, interfere with his judgments."

3. Under the law as it existed at the time this deed was made, it does not appear from the evidence that the dealings between the defendant and his creditors, to whom the claimant as his surety became bound, were in any manner affected or tainted with usury; or if such was the fact, that it was known to claimant either at that time or when he paid the debt. The deed, had it been given directly to the creditors of the defendant as a security for their claims, from aught that appears in the proof, would not have been rendered invalid on account of usury in its consideration. The plaintiffs in execution failed to show usury in it. It was not made to secure these claims, but to indemnify the claimant as surety of the debtor on account of liabilities he had assumed for him. Under the circumstances disclosed, it was impossible, in any view we can take of the law, for usury to have entered into the transaction between these parties. When the claimant paid the debts of his principal and took the land in satisfaction, the deed became absolute; it then ceased to be a security and became an indefeasible conveyance, and as such was received in satisfaction of the claimant's demands. To such a contract the plea of usury, at the instance of a creditor of the party, or of the defendant himself, could not be set up.

4. With a view of securing the opening and conclusion in the argument of the case, claimant's counsel announced that they would admit possession in the defendant at the time the levy was made and would assume the burthen of showing title in the claimant, and this the court permitted them to do. Both sides, however, introduced evidence on the point, and at the close of the testimony, the plaintiffs insisted upon the right to open and conclude, and after argument had, it was accorded to them. The claimant was then allowed, over the objection of plaintiffs, to withdraw his admission. This practice, though irregular, did no in-

jury to plaintiffs; if they defeated the purpose for which the admission was made, they had no right to retain the admission itself. They were surely not entitled to the advantage which they would have had if the admission had not been made, as well as to that which the admission gave them; there was then no equivalent to the claimant for the point he had yielded. The plaintiffs had broken their bargain, and the other party was relieved from the obligation it imposed on him.

There is no other error in this long record that can avail the plaintiffs, if, indeed, there be any at all. The charge upon the main points in the case seems unexceptionable.

Judgment affirmed.