ENGLISH, administrator, *v.* MARSHALL *et al.*, executors.

1. In 1880 Ogburn executed to Marshall a deed to secure the payment of a debt. Subsequently Ogburn died without having paid the debt. In 1887 the administrator of Ogburn, deceased, without obtaining an order of court, agreed with Marshall that the latter should cancel the evidence of the debt, and be thereafter vested with absolute title to the property. Accordingly Marshall surrendered the notes against Ogburn, deceased, to the administrator, and went into possession of the land, holding the deed thereto which had been executed to him by Ogburn to secure said debt. *Held,* that Marshall's possession was under color of title, and that after seven years' possession his title to the land became absolute.

2. This court can not consider an assignment of error based upon a refusal to allow a witness to answer certain questions, when it does not appear what the answers would have been. *Manry* v. *Waxelbaum,* 108 *Ga.* 14.

3. The court did not err in directing a verdict for the claimant.

Argued May 24,—Decided July 13, 1907.

Claim. Before Judge Littlejohn. Macon superior court. April 14, 1906.

On the 29th day of April, 1880, J. L. Ogburn executed and

*E. A. Hawkins* and *Hooper & Dykes* for plaintiff.

*Greer & Felton,* for defendant.

BECK, J. (After stating the facts.) Marshall, the claimant in the court below, defendant in error here, contended that he had been in possession of the land in controversy since 1887 under color of title, and that his title, therefore, became absolute after seven years possession; the plaintiff in error denied that Marshall had

any color of title upon which to base a prescription; and the issue thus made constitutes the principal question to be decided by this court. Marshall was the grantee in a deed given to secure the payment of a debt. Ogburn, the grantor, died without having paid the debt secured by the deed. Glover, the administrator of Ogburn, agreed with Marshall that the latter should cancel the evidence of the debt, and be thereafter vested with absolute title to the property. Accordingly Marshall cancelled the debt and went into possession of the land, holding the deed which had been executed to him by Ogburn to secure the debt thus cancelled. It is conceded by the claimant, Marshall, that Glover had no authority to make this agreement, and that the deed held by said claimant was color and not title. The plaintiff in error, administrator de bonis non of said Ogburn, contended, on the other hand, that "claimant's possession was not under or by virtue of any color of title, but possession was obtained by virtue of a verbal agreement between the administrator of Ogburn's estate, and claimant, and under this verbal sale or agreement possession was had."

It has been held by this court that where the parties to a security deed agree that the grantee shall take the land in satisfaction of the debt, and in pursuance of this agreement the grantee cancels the debt and goes into possession of the property, the deed to him ceases to be a security, and becomes an absolute, indefeasible conveyance. *Irwin* v. *McKnight,* 76 *Ga.* 669; *Bullard* v. *Jones,* 68 *Ga.* 472. And this is true although the grantor and grantee agreed in parol that the latter should cancel the debt, and be thereafter vested with absolute title to the property. *Carter* v. *Griffin,* 114 *Ga.* 321. Clearly, therefore, when the grantor and grantee make and execute such an agreement, the grantee holds possession of the land, not by virtue of a verbal agreement with the grantor, but by virtue of the deed, which has ceased to be a security, and has become an absolute conveyance. And we can see no good reason for holding in this case that Marshall was in possession of the land merely "by virtue of a verbal agreement between him and the administrator of Ogburn's estate,". and not claiming it under the deed, which they had sought to convert into an absolute conveyance. The only thing lacking, necessary to make the deed to Marshall a perfect title, was the authority of the administrator to make the agreement whereby Marshall was given the land in set-

tlement of the debt secured by the deed. If the administrator had
been authorized to make this agreement, the deed from Ogburn
to Marshall, as soon as the latter cancelled the debt and took posses-
sion of the property, would have become absolute. And it has
been repeatedly held that the lack of authority in a person to
make a conveyance, although it may render the paper wholly val-
ueless as title, does not destroy its efficacy as color of title. In the
case of *Street* v. *Collier,* 118 *Ga.* 470, it was said, "To hold that
the paper is not color of title, because the persons executing it
had not the full authority of law which, if they had, would make
it not color but title, would destroy the distinction between color
and title." And see cases there cited in support of this view,
and the rule announced as to what constitutes color of title. The
evidence not only fails to show that Marshall committed or in-
tended any fraud in making the agreement above referred to, but
it does show that he paid a fair value for the land, and other cir-
cumstances indicating very clearly that both he and the adminis-
trator, Glover, acted in perfect good faith during the entire trans-
action. The plaintiff in error cites the case of *Ladd* v. *Jack-
son,* 43 *Ga.* 288, the single headnote of which is as follows: "Where
the title to land of a deceased intestate vests in his minor heirs
at the time of his death, the statute of limitations or prescription
ceases to run against them during their minority." But there is
nothing in the record in this case to which this law could apply.
There is no evidence that the deceased had any minor heirs at the
time of his death, and nothing appears which would prevent the
prescription in favor of Marshall from running from the time he
went into possession of the land, to wit, 1887.

The only other assignment of error is covered by the second
headnote. The evidence demanded the verdict, and the court
committed no error in directing it accordingly.

*Judgment affirmed. All the Justices concur.*