## GORMAN v. THE STATE.

No. 11454. November 11, 1936.

*L. Z. Dorsett,* for plaintiff in error.

*M. J. Yeomans, attorney-general, Hal C. Hutchens, solicitor-general, B. D. Murphy,* and *E. J. Clower,* contra.

Atkinson, Justice. ■ "There are certain admissions and communications excluded from considerations of public policy. Among these are . . communications between husband and wife." Code, § 38-418. "The meaning of this provision simply is that neither of the married pair will be permitted to testify as a witness concerning such communications, or to furnish to another, for the purpose of being introduced in evidence, writings of any kind received under the seal of confidence during coverture." *Knight* v. *State,* 114 *Ga.* 48 (39 S. E. 928, 88 Am. St. R. 17). "Where the husband has been examined in a case, the wife is not admissible to discredit him, by proving facts, a knowledge of which she acquired by reason of the marriage relation." *Keaton* v. *McGwier,* 24 *Ga.* 217, 228. See also Stein *v.* Bowman, 13 Peters (38 U. S.), 209 (10 L. ed. 129) ; 70 C. J. 118, § 145. The fourth ground of the motion for a new trial is as follows: "Because, over objections of movant's counsel, the court permitted John Swanson, the husband of Fay Ola Swanson, the woman claimed to have been raped, to be sworn and give evidence on the trial of the case, as follows: 'When I came home on the 30th day of December, 1935, her nerves was shipwrecked, and she met me at the door and she told me to hurry in, she had something to tell me what had happened that afternoon, and I walked in and she told me that Joe Henry Gorman had been there and raped her, and I asked her did she holler, and she said "No," and I says, "Why?" and she says, "He said he

would kill me if I hollered," and I asked her did any one see him there, and she said "No," then she come out of the door after he left. Ralph, Joe Henry's brother Ralph, opened the door at his home just across the street and come out into the yard, and she talked to him after he left. She told me what Joe Henry had done to her, she told me how he had done it.' This evidence was objected to by movants counsel on the grounds that it was not permissible by law, and as being a communication between husband and wife, and movant contends that the court committed error in admitting this evidence." In the light of the foregoing authorities the witness was incompetent to testify as to the conversation between himself and his wife, the alleged injured female, because it was in relation to a confidential communication between husband and wife. "Husband and wife shall not be competent or compellable to give evidence in any criminal proceeding for or against each other, except that either shall be competent, but not compellable, to testify against the other upon the trial for any criminal offense committed, or attempted to have been committed, upon the person of either by the other. The wife shall be a competent witness to testify for or against her husband in cases of abandonment of his child, as provided in section 74-9902." Code, § 38-1604. The wife having testified, and the purpose of the testimony of the husband being to corroborate her testimony, the facts would bring the case within the above-quoted principle in *Kealon* v. *McGwier*, 24 *Ga*. 217, 228, and render the testimony inadmissible. The court erred in permitting the husband to testify as complained of.

■ A ground of a motion for a new trial complaining of a refusal to allow questions propounded to a witness on direct examination is insufficient where it fails to allege that it was stated to the judge what the witness would testify if permitted to answer the questions. *Steinheimer* v. *Bridges,* 146 *Ga*. 214 (91 S. E. 19) ; *English* v. *Marshall,* 128 *Ga*. 730 (2) (58 S. E. 351). The fifth ground of the motion for a new trial was insufficient to present any question for decision.

■ The sixth ground is merely elaborative of the general grounds of the motion, and will not be separately dealt with.

■ The eighth ground complains that "the court erred in admitting the bloomers in evidence, over objections of movant's coun-

sel, for the reason that they were not exhibited to movant's counsel in open court before the jury, for public inspection and examination." This ground, construed most strongly against the movant, is insufficient, because it fails to allege that the ground of objection was stated to the court at the time the evidence was offered. *Spikes* v. *State,* 183 *Ga.* 279 (188 S. E.).

The seventh ground is: "Because the court erred in giving in his general charge to the jury, as a matter of law, failed to charge the jury on the law of an assault and battery, as set out and charged in the bill of indictment, as follows: He did then and there unlawfully and with force and arms make an assault upon the person of Fay Ola Swanson, and did strike, beat, and wound her. And the evidence of Fay Ola Swanson, was that he hit her in the head. Where a charge of an offense of graver character includes a minor offense, the court should as a matter of law have instructed the jury upon the law applicable to the lesser offense." In view of the evidence tending to prove the completed crime of rape, the failure of the judge, without request, to charge the law of assault and battery was not cause for reversal. *Moore* v. *State,* 151 *Ga.* 648 (5) (108 S. E. 47).

*Judgment reversed. All the Justices concur, except Gilbert and Bell, JJ., who dissent.*