## 48535. ZACHERY et al. v. GEIGER FINANCE COMPANY.

EVANS, Judge. On August 28, 1970, Geiger Finance Co. sued Queen Zachery and Edwin Zachery in the Civil and Criminal Court of DeKalb County for the balance due on a contract, plus attorney fees. The summons served upon the parties on the same date (August 28, 1970) was as follows: "To the Marshal of said Court or His Lawful Deputies; to all and singular Sheriffs or their Lawful Deputies, and all Lawful Constables of said State, Greeting:

"The Defendants above named are hereby required, personally or by attorney, to be and appear at the State Court of DeKalb County, Room 608, DeKalb County Courthouse, on or before the first Monday in Oct., 1970, then and there to file answer and any defense to the Plaintiff's action. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

"This the 28 day of Aug., 1970.
*s/Shirley White, Deputy Clerk"*
On October 6, 1970, a default judgment was rendered in favor of the plaintiff.

Obviously, the Civil and Criminal Court of DeKalb County issued the foregoing summons under the authority of § 11 of Georgia Laws 1951, pp. 2401, 2405, which provides: "All actions in said court shall be commenced by summons as now provided in justice of the peace courts. Each action shall be filed and summons issued thereon not less than 12 days prior to the first day of the particular term to which the same is brought . . ." Section 13 of said Act provides for default judgments, ". . . without any call of the docket on or after the day in which the action in default is returnable . . ."

In 1968 (Ga. L. 1968, pp. 2928, 2933) the above Act was amended by providing in a new Section 12-B (b) that the court shall have monthly terms beginning on the first Monday of each month and, "all suits filed must be filed twelve (12) days before the beginning of a term." The latter amendment also made said court a court of record. In *Gresham v. Symmers,* 227 Ga. 616 (1, 2, 3) (182 SE2d 764), the Supreme Court of Georgia held that the latest amendment to the statute (Ga. L. 1968, pp. 2928, 2933) made the Civil and Criminal Court of DeKalb County a court of record, requiring its practice and procedure to be in accord with the Civil Practice Act, to wit: Ga. L. 1966, p. 609 et seq. said decision also

held that Section 12-B (b) was unconstitutional in that it was a special law in contravention of a general law with uniform operation throughout the state, to wit, the Civil Practice Act, and that its requirement that defendants file defensive pleadings earlier than 30 days after service of the complaint was invalid. Code Ann. § 81A-101 (Ga. L. 1966, pp. 609, 610).

On April 24, 1973, after approximately 29 terms of court had intervened, the defendants, Queen Zachery and Edwin Zachery, filed in the same court a motion to vacate and set aside the default judgment. They contended there was a defect apparent upon the face of the pleadings, and that said defect was nonamendable, in that the summons required said case to be returnable to the first Monday after its filing on August 28, 1970. They further contended the judgment against them was void for lack of jurisdiction in that the summons was not in compliance with Section 4 of the Civil Practice Act (Code Ann. § 81A-104 (b); Ga. L. 1966, supra), and was therefore void. After hearing, the motion was denied. Defendants appeal. *Held:*

The principal contention of the defendants is that the summons was not in the form required by the Civil Practice Act (Code Ann. §§ 81A-104, 81A-301), and in actuality amounted to no summons at all.

It is argued that the case of *Gresham v. Symmers,* 227 Ga. 616 (3), supra, is controlling here; but examination of that case, as well as *Lee v. GAC Finance Corp.,* 130 Ga. App. 44, recently decided by another division of this court, clearly shows that these cases differ substantially on their facts from the case sub judice. In both of the above cases, the defendants, after service of the complaint, were not allowed 30 days, as required by the Civil Practice Act, in which to answer. It was held that since the summons is not in substantial compliance with the CPA, the summons should be quashed and the judgment declared to be void. But here the defendants were given 38 days after service to answer the complaint, which was more than the 30 days authorized by Code Ann. § 81A-112 (a) (Defendants were served on August 28, 1970, and required to answer on or before the first Monday in October — October 5, 1970). It is axiomatic that one cannot complain of that which is favorable to him; and in this case the defendants were allowed more time to answer than under the CPA. In *Hanie v. Taylor,* 4 Ga. App. 545 (61 SE 1054), it is held that "[C]ourts of review are not created to review or correct errors, no matter how flagrant, which operate to the

benefit of the party complaining thereof."

As defendants were allowed more than 30 days in which to answer, this did not render the judgment void.

*Judgment affirmed. Hall, P. J., and Clark, J., concur.*

ARGUED SEPTEMBER 14, 1973 — DECIDED NOVEMBER 16, 1973.

*Kenneth A. Reich,* for appellants.
*Kirby G. Bailey,* for appellee.