## 28910. LAWHORN v. STEELE.

Jordan, Justice.

This appeal is from an order of the Spalding Superior Court in a quia timet proceeding.

The controversy concerns two adjoining tracts of land originally owned by Emanuel Appling. In 1902, Emanuel Appling conveyed one tract of land to Perry Lee Bailey (the Bailey Tract), and the other tract of land to Ella Appling (the Appling Tract).

In the 1920's Perry Lee Bailey died intestate, leaving several surviving heirs, one of whom was Marvin Bailey. There was no administration of the estate. In 1952 Marvin Bailey executed to W. B. Forbes a deed to secure debt which purports to convey an entire fee in the Bailey Tract, and which recites a consideration of $425. In 1957, W. B. Forbes foreclosed this deed to secure debt.

As for the Appling Tract, Ella Appling died intestate prior to 1940. According to the county records, neither Ella Appling nor her heirs have ever conveyed the Appling Tract to anyone. Nevertheless, in 1940, J. E. Lester executed a warranty deed to W. B. Forbes purporting to convey the Appling Tract.

In 1959, W. B. Forbes sold both tracts of land to Shaw, giving a quitclaim deed for the Bailey Tract, and a warranty deed for the Appling Tract. Shaw gave Forbes a deed to secure debt covering both tracts of land. In 1960, Shaw executed a corrective deed to secure debt to Forbes conveying both tracts. In August 1972, W. B. Forbes foreclosed the deed to secure debt from Shaw, and sold both tracts of land to the appellant, Gerald I. Lawhorn.

In April, 1972, all of the heirs of Perry Lee Bailey, except the Marvin Bailey heirs, quitclaimed their interest in the Bailey Tract to Garland F. Steele, the appellee. These conveyances purportedly gave Steele a five-sixths (5/6) undivided interest in the Bailey Tract.

In 1972 Lawhorn filed a petition for Quia Timet. Steele answered and counterclaimed, seeking to establish title in himself. A trial was held before a special master, without a jury, pursuant to Code Ann. § 37-1416. The report of the special master contains his findings of fact and conclusions of law.

With regard to the Bailey Tract, the special master

found that the deed to secure debt from Marvin Bailey to W. B. Forbes was void because the description of the real property that the deed purported to convey rendered the property incapable of identification; that since the description was invalid, the deed could not be the basis for title by prescription; and that there was no evidence placing title in W. B. Forbes by virtue of twenty years or more adverse possession. The special master concluded that Garland F. Steele, appellee, was vested with an undivided five-sixths (5/6) interest in the Bailey Tract by virtue of quitclaim deeds to him from certain heirs of Perry Lee Bailey. He also concluded that the heirs at law of Marvin Bailey were vested with an undivided one-sixth (1/6) interest in the Bailey Tract.

With regard to the Appling Tract, the special master found that the conveyances beginning with the deed from J. E. Lester, "together with the oral testimony given in connection therewith, do not place good title in Gerald I. Lawhorn, as the evidence is insufficient to prove title by prescription." The special master concluded that the heirs at law of Ella Appling were vested with the title to the Appling Tract.

The trial court entered an order on February 19, 1974, incorporating the findings of fact and conclusions of law of the special master, from which order this appeal is taken. *Held:*

1. We conclude, after a careful review of the record, that the evidence amply authorized the conclusions reached by the special master that the deed from Marvin Bailey to W. B. Forbes in 1952 could not be the basis for title by prescription and that the evidence was insufficient to establish title by virtue of twenty years or more adverse possession. The description in the deed, together with the extrinsic evidence relating to the correctness of the adjoining landowners, and especially as to the northern boundary of said tract, resulted in such confusion that this court cannot hold as a matter of law that the conclusion reached by the special master in this regard and confirmed by order of the trial court was erroneous.

2. Appellant contends that W. B. Forbes acquired title to the Appling Tract by adverse possession for

twenty years. Evidence was introduced concerning maintaining fences; cutting timber; paying taxes; keeping cows; keeping hogs; keeping tractors; regulating hunting and fishing; dumping waste; and other allegedly public, continuous, exclusive, uninterrupted acts. The evidence shows that at least some, if not most, of this activity took place on the Bailey Tract, not the Appling Tract. The record is replete with inconclusive, inconsistent testimony concerning other acts relied upon to show active possession of the Appling Tract. Even W. B. Forbes, the alleged adverse possessor of the Appling Tract, testified that he did not know when he began to use the Appling Tract.

The only unequivocal evidence concerning activities on these parcels of land deals with a period of time beginning in 1968. Under these facts and circumstances the special master did not err in finding that the evidence was insufficient to prove title by prescription.

3. Appellant contends that he took possession of the Bailey and Appling Tracts in 1962 in satisfaction of the debt owed to him by Shaw, and that in so doing he acquired at least color of title which ripened into fee simple title by his activities after 1962.

In support of this theory, appellant relies on *Bullard v. Jones,* 68 Ga. 472; *Irwin v. McKnight,* 76 Ga. 669; and *English v. Marshall,* 128 Ga. 730, 732 (58 SE 351). In *English* the court stated: "It has been held by this court that where the parties to a security deed agree that the grantee shall take the land in satisfaction of the debt, and in pursuance of this agreement the grantee cancels the debt and goes into possession of the property, the deed to him ceases to be a security, and becomes an absolute, indefeasible conveyance." Citing *Irwin v. McKnight* and *Bullard v. Jones,* supra.

In *English,* the grantee agreed with grantor's administrator that said administrator would surrender the bond for title, and the grantee would take the land in settlement of the debt, holding the deed which had been executed to him by the grantor. The administrator had no authority to make the agreement; therefore the deed held by the grantee was color, not title. The court held that after seven years possession, title became

absolute.

In the present case, there is no evidence of any agreement between W. B. Forbes and Shaw that W. B. Forbes could take the land in satisfaction of the debt. Therefore, even if it is conceded that W. B. Forbes took physical possession of the property in 1962, he did so on behalf of Shaw.

Possession under another is adverse to everybody but that other under whom it was held. Consequently, W. B. Forbes could have at best a bare legal title to the property, since equitable title remained with Shaw until W. B. Forbes foreclosed in 1972.

We hold that where one claims color of title as grantee of a security deed, absent some specific agreement between the parties such as that in the *English* case, the period of time necessary for title by prescription will not begin to run until the security deed is foreclosed by a judicial sale or by a sale under a contractual power. See Pindar, Ga. Real Est. Law, § 21-56.

4. Appellant contends that the findings of fact and conclusions of law of the special master, adopted by the trial court, are inequitable. There is no merit in this contention.

*Judgment affirmed. All the Justices concur.*

Argued June 10, 1974 — Decided October 1, 1974.

*Carlisle, Johnson & Newton, John T. Newton, Jr.,* for appellant.

*Grizzard & Simmons, James C. Grizzard, Smalley, Cogburn & Evans, Larry Evans, Seay & Sims, Marshall R. Sims,* for appellee.