## A97A2154. BELL v. OWENS et al.

(497 SE2d 591)

BLACKBURN, Judge.

William Bell appeals the jury verdict and judgment in favor of the Owens children, Donna Elaine Owens, Jason Owens, Bryan Owens, and Dawn O. Godwin, contending that the trial court erred in denying his motions for directed verdict and in giving an erroneous charge in this land dispute. The Owens children sued William Bell, an adjoining landowner, to establish ownership of a disputed tract of land.

Bell and the Owens children own adjoining tracts of land in Haralson County. At one point, the entire property was owned by Otis Bennett. In 1949, Bennett sold approximately four acres of the property to C. M. Clackum. This four-acre tract was ultimately purchased by Bell in 1982.

In 1950, Bennett sold the remaining portion of the property to C. L. Owens. The deed described the property conveyed as the entire parcel "except four (4) acres sold to C. M. Clackum." This property was later sold to Roy Williams, and after his death, his widow, Virginia Williams, deeded the tract to the plaintiffs, her grandchildren.

Sometime in the 1950s, Roy Williams had constructed a barbed wire fence on the property, ostensibly on the dividing line between the two tracts. In 1987, Bell, the present owner of the four-acre tract, had a survey prepared showing that his property line extended beyond the fence line and into the property then owned by the Owens children. Bell claimed ownership of the land between the fence and the survey line and cut down trees on the property. In addition, he removed a new cattle wire fence which the Owens children had erected to repair the deteriorated barbed wire fence built by Williams. The Owens children filed suit to establish ownership of the disputed section and sought damages for the destruction of the trees and removal of the fence. The jury found that the fence was the boundary line and awarded the Owens children $275 in damages and $2,400 in punitive damages.

1. Bell contends the court erred in denying his motion for directed verdict as to the establishment of the boundary line, arguing that there was no evidence the fence represented the actual boundary. A directed verdict is proper only when there is no conflict in the evidence as to any material issue and the evidence introduced with all reasonable inferences therefrom demands a particular verdict. OCGA § 9-11-50 (a); *Metromedia Steakhouses Co. v. Ray*, 219 Ga. App. 716, 717 (2) (466 SE2d 618) (1995). On appeal, the standard of review of a trial court's denial of a motion for directed verdict is the "any evidence" standard. *F.A.F. Motor Cars v. Childers*, 181 Ga. App. 821 (1) (354 SE2d 6) (1987).

"A boundary line which is in dispute, uncertain or unascertained may be established either (a) by oral agreement, if the agreement is accompanied by actual possession to the line or is otherwise duly executed or (b) by acquiescence for seven years as provided in [OCGA § 44-4-6]. A line is uncertain or unascertained if its location on the ground is unknown *even where the line is clearly described in the deeds (Warwick v. Ocean Pond Fishing Club*, 206 Ga. 680 (58 SE2d 383) (1950))." (Citations omitted; emphasis supplied.) *Cothran v. Burk*, 234 Ga. 460, 461-462 (216 SE2d 319) (1975).

"When a line has been located and established by seven-years' acquiescence as provided by [OCGA § 44-4-6,] the line thus located and established is binding on the grantees of the coterminous owners. . . . Disputed lines between adverse claimants of land, and questions of where old fences stood in the past, and how long they stood in certain localities, are peculiarly questions of fact for the jury. *In the determination of the boundary between two tracts of land the jury [is] not obliged to govern their findings by recent surveys rather than by evidence of an old rail fence recognized by the former owners as the boundary line*." (Citations and punctuation omitted; emphasis supplied.) *Dye v. Dotson*, 201 Ga. 1, 4-5 (39 SE2d 8) (1946).

In this case, the jury was authorized to find that the parties' predecessors in title acquiesced in the old fence as the boundary line for more than seven years. There was evidence that the fence was built in 1953 and recognized as the boundary line up until 1987, when Bell commissioned a survey of the property. Although Bell contends that the true property line is clear from the legal description in his deed, the jury could have concluded that the line was uncertain or unascertained at the time the fence was established because it had not been identified on the ground. See *Cothran*, supra; *Warwick*, supra. There was evidence that none of Bell's predecessors in title objected to the location of the fence. Accordingly, the jury was entitled to conclude that the fence was established as the boundary line pursuant to OCGA § 44-4-6, and the court did not err in denying Bell's motion for directed verdict on this matter. For the same reasons, the court did not err in charging the jury on the relevant principles regarding the establishment of a boundary line.

2. Bell contends that the trial court erred in denying his motion for directed verdict as to plaintiffs' damages, arguing that there was insufficient evidence of the value of the trees that were wrongfully cut down or of the damage to the fence. "The burden is on the plaintiff to show both the breach and the damage, and this must be done by evidence which will furnish the jury data sufficient to enable them to estimate with reasonable certainty the amount of the damages." (Citation and punctuation omitted.) *Solon Automated Svcs. v. Pines Assoc.*, 156 Ga. App. 34, 35 (274 SE2d 12) (1980). However, "[t]he rule

against the recovery of vague, speculative, or uncertain damages relates more especially to the uncertainty as to cause, rather than uncertainty as to the measure or extent of the damages. Mere difficulty in fixing their exact amount, where proximately flowing from the alleged injury, does not constitute a legal obstacle in the way of their allowance, when the amount of the recovery comes within that authorized with reasonable certainty by the evidence submitted." (Punctuation omitted.) *Gaskins v. Hand*, 219 Ga. App. 823, 825 (1) (466 SE2d 688) (1996).

Bell's contention is without merit, as the evidence provided the jury with a basis to estimate the amount of plaintiffs' damages. With respect to the value of the fence removed by Bell, Bryan Owens testified that "fencing is generally about a dollar and fifty cents a foot to two dollars. . . . [I]t's at least fifteen hundred in materials." This testimony constituted some evidence of the value of the fence and provided the jury with a basis to estimate plaintiffs' damages.

With respect to the trees, Shane Bell testified that about ten to fifteen trees were cut down, some of them big trees. Phillip McIntyre testified that the value of all the trees cut down was about $350, and that most of the big trees were on plaintiffs' side of the fence while most of the little ones were on Bell's side. Numerous photographs were introduced into evidence showing the fallen trees on the ground, as well as a videotape of the area. All of this constituted some evidence from which the jury could reasonably estimate the amount of plaintiffs' damages. Accordingly, the trial court did not err in denying Bell's motion for directed verdict as to damages.

3. Bell contends the trial court erred in denying his motion for directed verdict as to punitive damages. The record reveals that Bell's attorney moved for a directed verdict on this issue at the close of plaintiffs' case. The court stated that it would not rule on the motion at that time. Bell did not renew his motion after the close of all evidence or otherwise seek to obtain a ruling on the motion before the case was submitted to the jury. "It is the duty of counsel to obtain a ruling on his motions or objections, and the failure to do so will ordinarily result in a waiver. See, e.g., *Flowers v. Slash Pine Elec. Membership Corp.*, 122 Ga. App. 254 (176 SE2d 542) (1970)." (Punctuation omitted.) *Harris v. State*, 190 Ga. App. 343, 348 (4) (b) (378 SE2d 912) (1989). As Bell never sought to obtain a ruling on his motion following the close of evidence, he has waived this issue on appeal. Moreover, the jury was authorized to conclude that Bell wilfully destroyed plaintiffs' property and that punitive damages were appropriate. See *Sims v. Majors*, 178 Ga. App. 679, 681 (2) (344 SE2d 501) (1986) (punitive damages authorized for wilful trespass).

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 16, 1998 —
RECONSIDERATION DENIED FEBRUARY 27, 1998 ▮▮▮▮▮▮▮▮▮

*Thomas E. Maddox, Jr.*, for appellant.
*Murphy, Murphy & Garner, Michael L. Murphy*, for appellees.