A99A0074. HOUSTON COUNTY TAX ASSESSORS v. BROWN-FLOURNOY EQUITY, INC.
(515 SE2d 647)

Judge Harold R. Banke.

Brown-Flournoy Equity, Inc. ("B-F") brought suit in superior court to contest the property tax assessment of two of its apartment complexes, Southland Station Phases I and II. Enumerating two errors, the Houston County Tax Assessors ("Tax Assessors") appeal the jury verdict which set the value.

B-F appealed its 1997 assessment of its apartment property on the grounds that the assessment exceeded the fair market value and that the Tax Assessors failed to uniformly assess county property. During the trial, the Tax Assessors introduced evidence that in November 1997, Phase I sold for the sum of $7,763,797 as indicated by a Georgia Residential Transfer Tax form.

B-F's expert, Ronald Stallings, testified without objection that the amount reflected on the transfer tax form did not accurately represent the selling price of the property at issue because there was other property involved in that sales transaction. At this point, the Tax Assessors interposed an objection to any testimony that Stallings might give about the transaction itself. This objection challenged Stallings' competency to testify about that sale because he was not a principal or an officer of B-F. Before the court ruled on this objection, B-F offered to pursue a different line of questioning and did so. Stallings evaluated Phase I at $4,122,000 and Phase II at $3,709,800. Ultimately, the jury resolved the matter in favor of B-F and the Tax Assessors filed the instant appeal. *Held*:

1. The Tax Assessors contend that the trial court erred in permitting Stallings to testify about a sales transaction to which he was not a party.

Objections must be raised and ruled upon to preserve the issue for appeal. *Bell v. Owens,* 230 Ga. App. 826, 828 (3) (497 SE2d 591) (1998). The failure to obtain a ruling by the trial court on the admissibility of evidence generally results in waiver of that issue. *Flowers*

*v. Slash Pine Elec. Membership Corp.*, 122 Ga. App. 254 (1) (176 SE2d 542) (1970); see *Brown v. Thomas*, 257 Ga. 68, 69 (1) (354 SE2d 830) (1987).

Here, the Tax Assessors did not object to Stallings' testimony explaining that the real estate transfer tax declaration "was part of a much larger transaction that occurred on or about that day." Stallings also testified without objection that between 21 and 26 properties were involved in the sale. Only after that testimony did the Tax Assessors object to any statements by Stallings about the particulars of the November 1997 real estate transaction, and Stallings did not further testify about that sale. This objection was untimely. See *Sieveking v. State*, 220 Ga. App. 218, 220 (2) (469 SE2d 235) (1996). Nor did the Tax Assessors move to strike this testimony. Thus, even had the issue been properly preserved, the record refutes the Tax Assessors' claim of a purported error by the trial court. *Thomas v. Baxter*, 234 Ga. App. 663, 666 (1) (507 SE2d 766) (1998) (abuse of discretion only constitutes reversible error where the result is palpably unfair and prejudicial). In any event, since the transfer tax form and the deed to secure debt were admitted into evidence as defense exhibits, the jury could make its own independent determination about the nature and scope of the November transaction.[1]

2. The Tax Assessors claim that the trial court erred in admitting testimony by Stallings which varied or contradicted the terms of a valid written instrument.

Because the Tax Assessors did not assert this objection at trial, it was waived. *Flowers*, 122 Ga. App. at 254 (1). Even had the issue not been waived, the Tax Assessors cannot show the harm required for reversal. *Moore v. Graham*, 221 Ga. App. 616, 618 (4) (472 SE2d 152) (1996).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED APRIL 6, 1999.

*O'Neal, Long & Hall, Michael J. Long*, for appellant.
*Jack R. Hancock*, for appellee.

---

[1] The deed to secure debt reflects a $150 million transaction involving 25 parcels of property.