## S06A2145. SMITH v. STACEY et al.
(642 SE2d 28)

CARLEY, Justice.

This appeal arises from a dispute over title to two subdivision lots. Appellee Robert Smith is currently renting the property from his brother-in-law, Appellee Robert L. Stacey. Appellant Kirby Smith, Jr. brought suit against Appellees, claiming title by prescription. Appellees filed an answer denying the allegations of the complaint and asserted a counterclaim based on Stacey's own record title. After trial, the jury returned a verdict in favor of Appellees. The trial court entered judgment declaring that Stacey is the legal owner of the subdivision lots. A motion for new trial was denied, and Appellant brings this appeal.

1. Appellant contends that the trial court erred by allowing Appellees to present hearsay evidence to prove title.

Stacey worked for many years for H. D. Russell, the executor of whose estate deeded the lots to Stacey in 2000. On direct examination, Stacey was asked generally about conversations he had with Russell regarding ownership of the property, and the trial court overruled Appellant's hearsay objection. Stacey then testified that, in 1980, Russell told him that someone had cut the timber and built a house on the property, and that, in a conversation about the house between Russell and Appellant, each of them claimed ownership of the subdivision lots. Stacey testified that Russell also later expressed his desire not to spend money fighting over the property.

In Georgia, title to land ordinarily "cannot be proved by hearsay testimony. [Cit.]" *City of Marietta v. Glover*, 225 Ga. 265, 267 (2) (167 SE2d 649) (1969). See generally *Dozier v. McWhorter*, 117 Ga. 786, 790-791 (45 SE 61) (1903). Compare OCGA § 24-3-7 (b) ("Declarations by a person in favor of his own title shall be admissible to prove his adverse possession."). It is clear, however, that Appellees were not attempting to prove Stacey's title by hearsay testimony. To the contrary, they had already offered the recorded deeds in Stacey's chain of title, and those deeds were admitted into evidence. Thus, to the extent that Stacey's brief mention of Russell's claim of ownership can be considered hearsay evidence of title, it was cumulative of the properly admitted proof of record title. The admission of hearsay testimony is harmless when it is cumulative of legally admissible

evidence showing the same fact. *Wiggins v. State*, 280 Ga. 627, 630 (2) (b) (632 SE2d 80) (2006); *Davis v. Reid*, 272 Ga. App. 312, 318 (3) (612 SE2d 112) (2005).

Almost all of Russell's declarations are relevant, not to Stacey's record title, but to the core issue in this case, which is whether adverse possession by Appellant and his predecessors ripened into title by prescription. See *Cheek v. Wainwright*, 246 Ga. 171, 174 (2) (269 SE2d 443) (1980). Those declarations may have been admissible as statements against interest. See *Wiley v. Luke*, 259 Ga. 861, 862 (1) (b) (389 SE2d 223) (1990). Pretermitting the question of admissibility of such declarations, however, we again look for harm, without which there is no reversible error. An appellate court " 'is not an expounder of theoretical law but it administers practical law, and corrects only such errors as have practically wronged the complaining party. (Cit.)' [Cit.]" *New York Ins. Co. v. Willett*, 183 Ga. App. 767, 771 (3) (360 SE2d 37) (1987). Russell's statements actually benefitted Appellant because they constituted evidence that his possession, at least in 1980, was accompanied by a claim of right, was not permissive, was notorious, and was unbroken by ouster or successful litigation. OCGA §§ 44-5-161, 44-5-165; 1 Daniel F. Hinkel, *Pindar's Ga. Real Estate Law and Proc.*, §§ 12-14, 12-17, 12-22, 12-24, 12-33, 12-34 (6th ed. 2004). It is axiomatic that " '[o]ne can not complain of that which is favorable to him. [Cit.]' [Cit.]" *Dept. of Transp. v. Howard*, 245 Ga. 96, 98 (263 SE2d 135) (1980). See also *Zachery v. Geiger Finance Co.*, 130 Ga. App. 243, 244-245 (202 SE2d 689) (1973).

Appellant also objected separately on hearsay grounds to Stacey's testimony that, in 1992, Russell stated that he spoke to Appellant's sister by telephone and permitted her to stay in the house on the property. The trial court requested evidence that Russell was deceased. Stacey testified to that effect and then completed his testimony regarding the telephone conversation. Appellant complains that the trial court failed to rule on his objection. However, his attorney did not ever renew the objection or otherwise seek a ruling. " 'It is the duty of counsel to obtain a ruling on his motions or objections . . . . [Cit.]' [Cit.]" *Bell v. Owens*, 230 Ga. App. 826, 828 (3) (497 SE2d 591) (1998). Under these circumstances, the failure of Appellant's counsel to obtain a ruling on the admissibility of the telephone conversation resulted in a waiver of that issue. *Houston County Tax Assessors v. Brown-Flournoy Equity*, 237 Ga. App. 502 (1) (515 SE2d 647) (1999).

2. Appellant urges that, contrary to the parties' agreement, an abstract to which he objected was not removed from an exhibit of the deeds in Stacey's chain of title, but rather was included with the exhibits sent to the jury room. "However, the record reflects that [A]ppellant reviewed the exhibits prior to their submission to the jury

and voiced no objection. Accordingly, this issue has not been preserved for our review. [Cit.]" *McDaniel v. State*, 204 Ga. App. 753, 754 (1) (420 SE2d 636) (1992). Appellant also complains that one of the deeds contained a notation that it was either misplaced or lost. However, after reviewing Appellant's citations to the record, we are unable to locate any such notation. The abstract contained an explanation that one deed was unrecorded as it was lost prior to recording, but, again, Appellant waived any error in the submission of the abstract to the jury.

3. Appellant contends that, as a matter of law, the evidence established adverse possession either for twenty years or under color of title for seven years. "Whether ' "facts exist which constitute adverse possession, is for the jury to judge." ' [Cit.]" *Watkins v. Hartwell R. Co.*, 278 Ga. 42, 44-45 (597 SE2d 377) (2004). The transcript contains evidence that the possession of Appellant and his predecessors was not ever continuous for seven years or more, but rather was intermittent, the house having sat vacant for various periods of time, and was interrupted by acts of possession by Appellees and Stacey's predecessors. Thus, the jury was authorized to find that Appellant failed to prove his claim of prescriptive title. *Lawhorn v. Steele*, 232 Ga. 857, 859 (2) (209 SE2d 191) (1974); *Thompson v. Fouts*, 203 Ga. 522, 523 (4) (47 SE2d 571) (1948); *McDonald v. Taylor*, 200 Ga. 445, 451 (37 SE2d 336) (1946).

4. Appellant further contends that the trial court erroneously failed to give two of his requests to charge the jury. One request reads as follows: "An outstanding recorded title will not prevent the ripening of a title by prescription where the possessor enters in good faith under written evidence of title from another." See *Hearn v. Leverette*, 213 Ga. 286, 289 (2) (99 SE2d 147) (1957). This request was in fact given almost verbatim. Appellant failed to object with respect to the other request. Although it is not necessary to state the ground for objection to the trial court's refusal to give a written request to charge, " '[i]t is . . . necessary that the refusal to charge be objected to at some point.' [Cit.]" (Emphasis omitted.) *Golden Peanut Co. v. Bass*, 249 Ga. App. 224, 235 (2) (547 SE2d 637) (2001), aff'd, 275 Ga. 145 (563 SE2d 116) (2002). See also *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 16-17 (2) (195 SE2d 417) (1973). Therefore, "the issue was not preserved for appeal. [Cit.]" *Milam v. Attaway*, 195 Ga. App. 496, 499 (3) (393 SE2d 753) (1990). Moreover, "[r]eview of the charge given . . . establishes that the trial court accurately and fully charged the relevant law; thus it was not error to fail to charge in the exact language requested. [Cits.]" *Ponder v. Ponder*, 251 Ga. 323, 324 (3) (304 SE2d 61) (1983).

Appellant also complains that the trial court, in its charge, erroneously shifted the burden of proof by referring to Appellees'

reliance on title by prescription. Because he failed to object to that portion of the jury instructions, Appellant waived the right to enumerate as error the trial court's apparent slip of the tongue. *Wehunt v. State*, 168 Ga. App. 353, 357 (7) (309 SE2d 143) (1983). Moreover, Appellant would have benefitted if the burden of proof had been shifted from him to Appellees. In the remainder of the charge, the trial court correctly instructed the jury on the burden of proof and identified Appellant as the party who was asserting title by prescription. See *Axom v. Wendy's Intl.*, 238 Ga. App. 528, 530-531 (4) (518 SE2d 734) (1999). Thus, "considering the charge as a whole, it is most unlikely the jury was misled or any harm done to [Appellant]. [Cit.]" *Wehunt v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 5, 2007.

*John W. Rhyne, Jr.*, for appellant.
*Jon R. Dennis*, for appellees.