# Court of Appeals
# of the State of Georgia

ATLANTA,  November 18, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0845. FIELDALE FARMS CORPORATION v. EAU TECHNOLOGIES, INC.**

This case arises from a contractual dispute between Fieldale Farms Corporation (Fieldale) and EAU Technologies, Inc. (EAU). EAU initiated the action, alleging theories of breach of contract and unjust enrichment. Fieldale counterclaimed, alleging theories of breach of contract and negligence. On the parties' cross-motions for summary judgment, the trial court's Order eliminated all claims asserted.

In this cross-appeal to Case No. A13A0844, *EAU Technologies, Inc. v. Fieldale Farms Corporation*, Fieldale states at the outset of its brief, "Fieldale believes that the trial court's ruling that separates the parties and allows the parties to go their separate ways is an acceptable resolution of this dispute. The parties should simply be allowed to put this unfortunate experience behind them and move on, as the trial court's Order allows."

Similarly, at the beginning of the argument section of its brief, Fieldale states that "were this Court to affirm in the main appeal, Fieldale would not object if that affirmance were deemed to bar Fieldale's counterclaims for damages and Fieldale would dismiss its *conditional* cross appeal in that instance. Fieldale offers these counter-arguments in this cross appeal for consideration *only if there is a reversal in the main appeal*." (Emphasis supplied.)

-1-

Given the foregoing, and this Court's affirmance of the trial court's ruling challenged by EAU as appellant in the main appeal (Case No. A13A0844), the instant appeal is hereby DISMISSED as MOOT.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 11/18/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[1] See OCGA § 5-6-48 (b) (3) ("Where the questions presented have become moot," the appeal "shall be dismissed."); *Scarbrough Group v. Worley*, 290 Ga. 234, 236 (2011) ("A case is moot when its resolution would amount to the determination of an abstract question not arising upon *existing* facts or rights, and the appellate court is not required to retain a moot case and decide it because a party might possibly derive some future benefit from a favorable adjudication on an abstract question."); *Smith v. Stacey*, 281 Ga. 601, 602 (1) (2007) ("An appellate court is not an expounder of theoretical law. . . .") (citation and punctuation omitted); *Chastain v. Baker*, 255 Ga. 432, 433 (1981) (explaining that an appellate court "will upon its own motion dismiss an appeal where it affirmatively appears that a decision would be of no benefit to the complaining party").