## 65817. GILES v. TAYLOR et al.

BIRDSONG, Judge.

The defendant Giles in this personal injury case appeals the verdict for the plaintiff, Mrs. Taylor. *Held:*

1. The trial court erred in admitting over objection the "attending physician reports" of three doctors who did not testify at trial and hence were not subject to cross-examination. These documents contained statements and evaluations concerning the plaintiff's alleged injuries and stated opinions to the effect that injuries were caused by her accident with appellant Giles. The reports were hearsay. OCGA § 24-7-8 (Code Ann. §§ 38-712, 38-713) deals with the authentication of medical records which are otherwise admissible, and does not eliminate the rule against hearsay or create a new one. The opinions, statements, evaluations and conclusions in these records were those of third parties not before the court, and could not be challenged by the defendant. The admission was clear error. *Moody v. State,* 244 Ga. 247, 249 (260 SE2d 11); *Smith v. State,* 141 Ga. App. 720 (234 SE2d 385); *Dennis v. Adcock,* 138 Ga. App. 425 (226 SE2d 292).

The prejudicial effect of this error is palpable, since these records in effect, and to a large extent, tended to prove the appellee Taylor's case, which she did in fact win.

2. Likewise, it was error to permit the appellee, over objection, to testify to her receipt of chiropractors' bills, where the chiropractors did not testify to their reasonableness and necessity. Chiropractors' bills are not such medical bills as the legislature has declared, in OCGA § 24-7-9 (Code Ann. § 38-706.1), may be admitted without proof by the expert witness of their reasonableness and necessity. *Dilliplane v. Henderson,* 141 Ga. App. 684 (234 SE2d 357); *Glover v. Southern Bell Telephone &c. Co.,* 132 Ga. App. 74, 75 (207 SE2d 584).

*Judgment reversed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 9, 1983.

*Peter K. Kintz,* for appellant.
*Jay W. Bouldin,* for appellees.