### 67251. PELT et al. v. HUTCHINSON.

McMurray, Chief Judge.

Randy Lee Pelt was shot in the leg in a hunting accident on November 14, 1977. Subsequently extensive reconstructive surgery, including bone grafts and a muscle transplant, was utilized in attempts to save and restore the use of the leg.

On December 18, 1980, Randy Lee Pelt was a passenger in a motor vehicle involved in a collision with a vehicle operated by Hutchinson. Whereupon Randy Lee Pelt sued Hutchinson alleging that the collision was due to the negligence of defendant and that his previously injured leg was reinjured in the collision, aggravating the preexisting condition to the extent that it became necessary to amputate the leg. Plaintiff Wanda Pelt, wife of plaintiff Randy Lee Pelt, filed a separate complaint against defendant seeking damages for loss of services and consortium.

The two actions were consolidated for trial. The jury returned a verdict in favor of defendant, and the plaintiffs appeal. *Held:*

1. Plaintiffs contend the trial court erred in charging the jury on "accident" arguing there was no evidence authorizing such a charge. Defendant responds that there is evidence suggesting that the collision was proximately caused by the negligence of a third person not a party to this action and that such evidence authorizes a charge on "accident." Defendant's position although previously adopted in a number of cases by this court, was recently rejected and the cases supporting defendant's position overruled in *Chadwick v. Miller,* 169 Ga. App. 338 (1) (312 SE2d 835). *Chadwick* holds that: "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error."

The case sub judice arises from a rear-end type collision. Plaintiffs were passengers in the leading vehicle while defendant operated the following vehicle which struck the rear of the vehicle occupied by

plaintiffs. Defendant testified that "traffic was heavy and everybody was easing along five or six miles an hour . . . I glanced over at the baby a minute [defendant later stated that he had glanced off a "second" rather than a "minute"] . . . and when I looked up everybody had stopped and I hit the brakes, but I didn't stop in time and I bumped them in the rear." The collision apparently occurred due to the failure of defendant to keep a proper lookout ahead or because the vehicle occupied by plaintiffs came to an abrupt halt, reflecting the negligence of plaintiffs' driver or of another driver in the line of traffic ahead. In regard to the duty of a driver to give following vehicles adequate warning of his intention to stop, see *Atlanta Coca-Cola Bottling Co. v. Jones*, 236 Ga. 448, 450 (224 SE2d 25). There is no evidence of accident as defined in *Chadwick v. Miller*, 169 Ga. App. 338, supra, therefore the trial court erred in charging the jury on this issue.

2. Plaintiffs contend that the trial court erred in failing to charge the jury plaintiffs' request to charge that a defendant takes the injured person as he finds him and another request to charge that the jurors were not to be concerned with the effect of their verdict. The principles set forth in these requests were contained in the charge given by the trial court albeit in somewhat different language. The concepts being fairly submitted to the jury there was no error in failing to charge the exact language of plaintiffs' request. *Harper v. Samples*, 164 Ga. App. 511, 514 (5, 6) (298 SE2d 29); *Hitchcock v. Key*, 163 Ga. App. 901, 903 (3, 4) (296 SE2d 625).

3. In view of the foregoing rulings which result in a new trial we deem it unnecessary to rule on plaintiffs' remaining enumerations of error which involve the evidence, which may not be the same on retrial, or involve alleged error in the charge to which no objections were made at trial.

*Judgment reversed. Shulman, P. J., concurs. Birdsong, J., concurs in the judgment only.*

DECIDED FEBRUARY 24, 1984 —
REHEARING DENIED MARCH 21, 1984 —

*L. Zack Dozier, Jr.*, for appellants.
*Charles M. Stapleton*, for appellee.