### 67925. HORN COMPANIES et al. v. BATCHELOR.

BENHAM, Judge.

A fire which started on the patio of appellee Batchelor's apartment damaged five units of an apartment complex owned by one of the appellants. Appellants sued appellee for negligence and breach of contract (refusal to indemnify appellants for the damage pursuant to the lease agreement), and bring this appeal from the judgment entered on the jury verdict returned in favor of appellee.

1. Perusal of the trial transcript leads to the conclusion that it was appellants' theory that the blaze resulted from the inadequate ventilation of a kerosene heater appellee had placed in a homemade greenhouse he had constructed on his apartment's patio. Appellants argue that their motion for directed verdict should have been granted since appellee's actions allegedly violated several conditions of his lease and a government regulation, any of which violations triggered the lease's indemnification clause.

One of the lease paragraphs which appellee allegedly violated prohibited the placement of combustible items in storage areas. At trial, an employee of appellants testified that the storage areas were located under some of the apartment buildings. Since there was no evidence that an apartment's patio was a "storage area" under this lease paragraph, appellee's placement of the greenhouse on the patio was not violative of the "storage area" paragraph. Therefore, the paragraph could not serve as the basis for the indemnity, and the trial court did not err in directing a verdict for appellee in this regard and in denying appellant's motion thereon. It follows that the trial court subsequently did not err when it failed to instruct the jury with regard to appellee's possible violation of that clause in the lease.

The other lease paragraph appellee allegedly violated concerned the appearance of the apartment's patio area. The lease called for "neat and clean" patios and prohibited the storing, hanging, or draping of items on the patio. In her testimony, the manager of the apartment complex stated that the paragraph's purpose was aesthetic in nature and that as long as other tenants did not complain, a tenant was permitted to use the patio area of his apartment as he wished. The manager also acknowledged the existence of other patio structures in the complex. Additionally, two of appellants' employees testi-

fied that they had been aware of appellee's makeshift greenhouse prior to the fire and had not sought its removal. Appellee stated that he had received no complaints about the structure and had renewed his rental agreement after he had erected the greenhouse. Inasmuch as there was some evidence from which the jury could conclude that appellants had waived strict compliance with the lease provision in question, the trial court did not err when it denied appellants' motion for directed verdict. See *Carparking, Inc. v. Chappell's, Inc.*, 96 Ga. App. 862 (1) (101 SE2d 894) (1958).

2. Arguing that evidence of similar acts is not admissible in negligence actions, appellants contend that the trial court should have granted their motion in limine and prohibited appellees from introducing evidence about structures erected on the patios of other tenants in the apartment complex. However, such a motion seeks too broad a remedy in that it excludes evidence which is admissible as an exception to the "other transactions" rule. See *Cole v. Sheraton Atlanta Corp.*, 159 Ga. App. 439 (283 SE2d 668) (1981). Furthermore, while the rule appellants espouse is generally applicable to negligence actions, the evidence now complained of was used by appellee in an effort to present a waiver defense to appellants' breach of contract claim. We do not find error in the trial court's denial of appellants' motion in limine.

3. The indemnity provision of the lease agreement could also be triggered by a tenant's "failure to comply with any requirements imposed by any governmental authority." Appellants urge as violative of this provision appellee's alleged failure to comply with a county fire code section which governed the installation and maintenance of heat producing appliances. The trial court excluded from evidence certified copies of the fire code section and the county ordinance adopting the fire prevention code, and appellants cite this as error.

The fire code section at issue is entitled "Maintenance of Chimneys, Vents, Heat Producing Appliances, and Exhaust Systems." The subsection concerned with heat producing appliances (which appellants contend is applicable to the case at bar) calls for the installation and maintenance of the appliances so as to be reasonably safe, and cites as examples of such appliances "boilers, furnaces, incinerators, ovens, and restaurant type cooking appliances." It is apparent from a reading of the entire section, and in particular its title, the permanent nature of the non-exclusive list of applicable appliances, and the emphasis on *installation* of those appliances that the trial court correctly ruled that the fire code section was inapplicable to the portable kerosene heater involved in the case at bar. Since the fire code section and county ordinance were not relevant to the issues at hand, the trial court did not err in excluding from evidence the proffered certified copies and their language from his charge to the jury. It follows

that it was not error to omit a charge that informed the jury of the lease paragraph under which appellants wished to introduce the government regulations, and a charge that related the violation of that lease paragraph to appellants' breach of contract claim.

4. The remaining errors enumerated by appellants are contained in the trial court's instructions to the jury. In its charge on "legal accident," the trial court defined the term to mean "an event which occurred without the failure of either party to exercise the duty of care required of that party." This charge was recently rejected by this court in *Chadwick v. Miller*, 169 Ga. App. 338, 344 (312 SE2d 835) (1983), wherein the court held that "[t]he defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error." Id. See also *Pelt v. Hutchinson*, 170 Ga. App. 408 (1) (317 SE2d 217) (1984). Inasmuch as appellee's defense of accident was partially based on the possibility of the involvement of a third party, it was error to give the charge on accident.

5. Lastly, appellants complain that it was improper for the trial court to charge the jury as follows: "If you find that the Defendant, Charles Batchelor, did breach or violate any of the above-quoted provisions of the subject residential agreement and, further, that he was negligent and as a result of said negligence caused damage to the Plaintiff, then you would be authorized to find for the Plaintiffs on their claim." Appellants contend that the charge was erroneous because it conditioned a finding of breach of contract on a finding of negligence. The lease's indemnification clause (which is the portion of the lease appellee allegedly breached) called for appellee to indemnify appellants "against all losses incurred by management as a result of (a) resident's failure to fulfill any condition of this agreement; . . . (c) resident's failure to comply with any requirement imposed by a governmental authority." Thus, under the lease, appellants would be entitled to recover on their breach of contract claim if appellee failed to abide by the standards set forth in the indemnification clause and that failure was found to be the proximate cause of the damages suffered by appellants. Appellants need not have proven negligence on appellee's part in order to prevail on the breach of contract claim (see *Hartline-Thomas, Inc. v. Arthur Pew Constr. Co.*, 151 Ga. App. 598 (260 SE2d 744) (1979)), and the trial court erred in charging the jury that a finding of breach of contract was contingent on a finding of negligence on the part of appellee.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED JULY 16, 1984 —
REHEARING DENIED JULY 31, 1984.

*Malcolm P. Smith,* for appellants.
*Dennis J. Webb, Brian A. Boyle,* for appellee.