### 72039. ODOM v. DEKLE.
(344 SE2d 675)

DEEN, Presiding Judge.

The appellant, Annette Odom, commenced this action against the appellee, William Dekle III, seeking damages for injuries she sustained in an automobile collision. Although the jury awarded her $5,000, Odom brought this appeal, contending that the trial court erred in excluding the evidence of $1,040 in chiropractic bills.

At trial, the plaintiff/appellant identified *seriatim* various medical bills, which were immediately thereafter tendered for admission into evidence. During this process, the appellant's counsel attempted to have her identify a $1,040 bill for chiropractic services, but she managed to utter only that "this is from the Cumberland Chiropractic Clinic, Doctor Limnuey for one thousand —" before the appellee's counsel objected on the basis that there had been no foundational testimony that such services had been reasonable and necessary. The trial court sustained the objection, and when various other bills were subsequently tendered again ruled that the chiropractor's bill was

inadmissible until some evidence was presented that the services had been reasonable and necessary.

Although such a foundation formerly was required for a chiropractor's bill, see *Giles v. Taylor*, 166 Ga. App. 563 (305 SE2d 154) (1983), OCGA § 24-7-9 was amended, effective March 15, 1983, to eliminate this requirement. At trial, apparently both the trial court and the appellee's counsel were unaware of this amendment. On hearing the appellant's motion for new trial, the trial court acknowledged as much, but nevertheless denied the motion on the basis that technically the appellant had never tendered the specific chiropractor's bill. We disagree. The appellant's counsel attempted to have the various medical bills, including the chiropractor's bill, identified and admitted in an orderly manner, but was erroneously prevented from adducing the evidence of the chiropractor's bill. The trial court also stated definitely its basis for excluding the chiropractor's bill when the other exhibits were being tendered for admission. Under these circumstances, it would serve neither reason nor judicial economy to require counsel to engage in an exercise of futility and make yet another attempt to tender the exhibit when the trial court made it clear that it would not admit the evidence. Accordingly, because the appellant was deprived of the opportunity to prove all of her damages, new trial is necessary. OCGA § 5-5-22.

*Judgment reversed. Benham and Beasley, JJ., concur.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 22, 1986 —

*William J. McKenney*, for appellant.
*John T. Laney III*, for appellee.