*Jr., J. David Fowler, Assistant District Attorneys*, for appellee.

## 72822. GLAZE v. THE STATE.

(349 SE2d 496)

McMURRAY, Presiding Judge.

The defendant appeals his conviction for simple battery after the denial of his motion for new trial.[1] *Held*:

In his sole enumeration of error the defendant contends that the trial court erred in denying his motion for new trial because the jury was prejudiced by comments made prior to commencement of trial. The defendant's argument is based on comments made by the judge in charge of greeting, organizing and managing the jury pool. The organizing judge told the prospective jurors that there was a delay in their selection for jury service because another judge was hearing motions in a case that "was having to be retried" and "it would be improper for [them] to be in the courtroom while the motions were being heard." The organizing judge made no reference to the specific case which was to be retried. (There were over 50 cases on the criminal jury trial calendar on the week of the defendant's trial.) The defendant maintains that these comments infected the jury's minds as to the disposition of his guilt. We do not agree.

At the hearing on the defendant's motion for new trial, the evidence showed that the jury that decided the defendant's case was comprised of six jurors. Two of the former jurors were called by the defendant to testify at the hearing on his motion for new trial. Only these two jurors appeared as the remaining jurors either could not be reached or were excused by defendant's counsel. Both jurors testified that they heard the comments made by the organizing judge while they were waiting for jury service and both jurors said that they speculated that the defendant's case was being retried. However, upon cross-examination, the former jurors testified that the statement made by the organizing judge did not have an adverse bearing on their deliberations and verdict, concluding that the State had proven that the defendant was guilty of the crime charged beyond a reasonable doubt.[2] We find this evidence sufficient to support the trial court's conclusion that the jury was not prejudiced by the organizing judge's

---

[1] The defendant was previously convicted of simple battery under the accusation presented in the case sub judice. However, the first conviction was reversed by this court in *Glaze v. State*, 172 Ga. App. 802 (325 SE2d 172), under the mandate of *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49).

[2] The defendant does not dispute that the evidence presented at trial was sufficient to support the verdict.

comments. See *Smith v. Blackshear*, 127 Ga. App. 610 (194 SE2d 519); *Ellis v. State*, 164 Ga. App. 366, 370-371 (9) (296 SE2d 726). However, taking our analysis a step further, we recognize that there are irregularities, when injected before a jury, which will require a new trial, notwithstanding testimony concerning the neutral impact of the circumstances upon the jury's deliberations and verdict. See *Lamons v. State*, 255 Ga. 511, 512-513 (340 SE2d 183); and cited therein, *Shaw v. State*, 83 Ga. 92, 99 (9 SE 768). We find such irregularities do not exist in the case sub judice. The organizing judge's comments were not directed to the defendant; nor were they intended to prejudice the defendant's case. The comments were inadvertent and their impact upon the jury was limited due to the setting in which the words were spoken. The evidence which supports this conclusion is as follows: One of the former jurors testified that he did not remember exactly what was said because he "really wasn't paying much attention to it, because [the organizing judge] was talking about [other matters] and [the comment concerning the re-trial] kind of just fell on the tailend of that conversation." The other juror who testified at the hearing responded to the following examination by defendant's counsel: "Q. . . . [T]ell the Court what [the organizing judge] told you . . . ? A. Well, after he told us what we were here for, what we were supposed to do, at one point later on in the day he was apologizing to us, to the best of my memory. I don't remember exactly. Because we were having to be here all day and nothing had been done. And he said that the reason was [because another judge] was hearing motions on a re-trial and that was what was taking so long. Because there was a lot of paperwork and that type of thing involved. And also I believe he said he was hearing, that he was doing the court calendar, but I don't remember that for sure. Q. . . . Do you remember [the organizing judge] saying anything else about the case that was going on in [the other judge's] court? A. No, sir, that is all that I remember."

While not endorsing the conduct present in the case sub judice, under these circumstances we cannot say that the organizing judge's comments were so irregular as to require a new trial. This conclusion is supported by the evidence showing that the comments did not adversely affect the jurors' deliberations and verdict. Consequently, we find the State carried the burden of showing that the defendant sustained no injury. See *Smith v. State*, 218 Ga. 216 (2c, 3) (126 SE2d 789).

*Judgment affirmed. Carley and Pope, JJ., concur.*

528

DECIDED SEPTEMBER 22, 1986 —
REHEARING DENIED OCTOBER 14, 1986 

*Theodore S. Worozbyt, William A. Morrison,* for appellant.
*Herbert T. Jenkins, Jr., Solicitor, Michael S. Weldon,* Assistant
Solicitor, for appellee.