## A90A0062. GASKINS v. TAYLOR.
### (394 SE2d 629)

COOPER, Judge.

Appellant brought an action against appellee after appellant's truck was struck in the rear by an automobile driven by appellee. This appeal is from a jury verdict in favor of appellee.

Appellee's car was directly behind appellant's truck as both vehicles approached an intersection. Appellant testified that as he approached the intersection he saw a car travelling at a high speed toward the intersection; that it seemed like the car was not going to stop so he decreased his speed; that he looked in his rear view mirror and saw appellee's vehicle, which looked like it was going to rear end him; that he changed gears to get some momentum and appellee's car collided with his. Appellee testified that his car had been behind appellant's truck for several blocks; that as he approached the intersection he looked to his left and saw a speeding vehicle approaching which looked like it might not stop at the intersection; that he took his foot off the accelerator and watched this vehicle; that when he turned back to look in front of him he noticed that appellant had also decelerated; that he hit appellant's truck in the rear.

1. Appellant first enumerates as error the trial court's admission, over objection, of a police officer's testimony that in his opinion he doubted that appellant could have felt the impact of the collision. We find no error in the admission of this testimony. The officer was qualified by appellant as an expert in the area of accident investigation, and the testimony was within his area of expertise. Even if appellant had developed by further examination that the officer's opinion was based on inadequate knowledge, the testimony was properly admitted. See *Jones v. Ray*, 159 Ga. App. 734 (4) (285 SE2d 42) (1981).

2. In his second enumeration of error, appellant contends that the trial court erred in charging the jury on legal accident. He argues that such a charge was not authorized by the evidence. We agree and

reverse. Appellant's testimony was that his belief that the car approaching the intersection would not stop caused him to slow his truck. Appellee's testimony was that he was distracted by the vehicle approaching the intersection and that he took his attention away from the vehicle in front of him. Appellee further testified that he may have been following appellant's truck too closely. Thus, the jury was authorized to find that the accident occurred because of appellee's failure to maintain a proper lookout ahead or to maintain a safe distance between his car and appellant's truck or appellant's failure to give adequate warning that he was slowing his truck. "The defense of accident in this state is to be confined to its strict sense as an occurrence which takes place in the *absence of negligence* and for which *no one would be liable.* Unless there is evidence authorizing a finding that the occurrence was an 'accident' as thus defined, a charge on that defense is error. [Cit.]" *Chadwick v. Miller*, 169 Ga. App. 338, 344 (312 SE2d 835) (1983). Here, there was no evidence of accident as defined by *Chadwick v. Miller*, supra. *Pelt v. Hutchinson*, 170 Ga. App. 408 (1) (317 SE2d 217) (1984). *Wilhite v. Tripp*, 179 Ga. App. 428 (1) (346 SE2d 586) (1986), relied on by appellee, is distinguished because that case involved "peculiar circumstances" which authorized a finding that the collision was not the result of the negligence of either party. The facts in the case at bar being more similar to those in *Pelt v. Hutchinson*, supra, we conclude that the trial court erred in charging the jury on the defense of accident.

3. "Since the jury returned a verdict in favor of defendants, any error in charging the jury regarding nominal damages was harmless error." *Weathers v. Foote & Davies Transport Co.*, 189 Ga. App. 134 (2) (375 SE2d 97) (1988). Accordingly, appellant's third enumeration of error is without merit.

4. The verdict first returned by the jury read as follows: "We, the jury, find the defendant guilty of accidental negligence." The trial judge, after inquiring of the jury as to the meaning of their verdict, instructed the jury that if they found the collision was an "accident" the defendant could not be liable. After the foreman informed the judge that this was the intention of the jury, the judge directed the jury to amend the verdict to find for the defendant. The jury's original verdict illustrates the confusion which can arise when the evidence does not warrant a charge on "legal accident." However, because we found error in the giving of such charge in Division 2, the error alleged in appellant's fourth enumeration of error is not likely to recur on retrial; therefore, we decline to address the issue.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED MAY 23, 1990.

*John M. Beauchamp & Associates, Kermit S. Dorough, Jr.,* for appellant.

*Hodges, Erwin, Hedrick & Kraselsky, Kenneth B. Hodges, William A. Erwin, Jr., Gardner, Willis, Sweat & Goldsmith, Gail P. Singleton,* for appellee.