## A96A0279. MOORE et al. v. GRAHAM.
(472 SE2d 152)

Judge Harold R. Banke.

Jennifer Moore, Sheila Fussell, and Suprena Eady (collectively "Moore") sued Jennifer Graham for injuries allegedly sustained when their vehicle was struck by Graham's vehicle. After the jury rendered a defense verdict, the trial court denied Moore's motion for new trial. On appeal, Moore enumerates eight errors primarily challenging the trial court's evidentiary rulings.

The trial evidence was as follows. As Eady was driving with her two sisters, Moore and Fussell, as passengers, their vehicle was hit by Graham's car as Graham changed lanes. From about a half block away, a police officer, Sergeant Ramon Harper, witnessed the low-speed collision. Sergeant Harper testified that after the bumper of one car struck the left fender of the other car, both vehicles pulled over. Eady and Fussell immediately exited their vehicle and were

cursing Graham when he arrived, but then reentered their vehicle. Graham informed him she was unhurt but Moore, Eady and Fussell all claimed their necks and backs hurt. At their request, Sergeant Harper summoned an ambulance. Although he had witnessed Graham's lane change, he did not issue a citation to either driver. Five days after the accident, Eady, Moore, and Fussell all began treatment with the same chiropractor, Dr. John Moffet. One of the sisters indicated that she selected Moffet upon her attorney's recommendation. *Held*:

1. Moore failed to show a manifest abuse of discretion in the trial court's exclusion of Exhibits 13, 15 and 16.[1] See *Friedman v. Friedman*, 259 Ga. 530, 532 (3) (384 SE2d 641) (1989). Exhibits 15 and 16, repair estimates for damage to the vehicle Eady was driving which belonged to a non-party, were properly excluded as hearsay. Moore failed to show through the testimony of a witness familiar with the repair estimates that they were records which were made and kept in a timely manner, in the regular course of business. OCGA § 24-3-14; *Suarez v. Suarez*, 257 Ga. 102, 103 (2) (355 SE2d 649) (1987). Because Moore failed to lay the requisite foundation, the exhibits were properly excluded.

Exhibit 13 consisted of Sheila Fussell's medical records from Dr. Moffet at Coffee Chiropractic Clinic, P.C., as well as inadmissible documents including Dr. Moffet's correspondence with an attorney, an attorney's lien from a prior accident, and two Automobile Accident Questionnaires including one concerning an earlier automobile accident. After the trial court deemed the entire proffered exhibit inadmissible, Moore failed to excise the inadmissible documents from the medical records which were likely admissible under OCGA § 24-7-8. Because the exhibit contained hearsay and irrelevant information, the trial court did not abuse its discretion in rejecting the exhibit in its entirety. See *Giles v. Taylor*, 166 Ga. App. 563 (305 SE2d 154) (1983).

2. The trial court properly restricted Dr. Moffet's testimony on direct. Because Moffet's testimony was often redundant, verbose, and unresponsive, the trial court did not err in encouraging Moffet to confine his testimony to relevant matters. Nor are we able to find that the witness was subjected to badgering by defense counsel.

3. The cross-examination of Dr. Moffet, no novice to courtroom appearances, did not exceed the statutory bounds entitling Graham to a "right of a thorough and sifting cross-examination." OCGA § 24-9-64.

---

[1] Moore claims that Exhibit 12 was improperly excluded but the transcript shows it was tendered and admitted without objection.

4. Even assuming arguendo that the trial court erred in admitting Sergeant Harper as an expert witness in accident reconstruction/investigation, the error was harmless, because Harper witnessed this particular accident and testified about what he saw based on his firsthand observation. Further, Moore failed to establish both the trial court's harm and error with its ruling. See *Miller Grading Contractors v. Ga. Fed. Sav. &c. Assn.*, 247 Ga. 730, 734 (3) (279 SE2d 442) (1981).

5. The trial court did not err by permitting Sergeant Harper to offer his opinion that appellants exaggerated their injuries, because "any witness may swear to his opinion or belief, giving his reasons therefor." OCGA § 24-9-65. " 'The question of whether a witness has established sufficient opportunity for forming a correct opinion or has stated a proper basis for expressing an opinion is for the trial court.' (Cit.)" *Peterson v. RTM Mid-America,* 209 Ga. App. 691, 693 (1) (434 SE2d 521) (1993). Because Harper had extensive experience in accident investigation and also had firsthand knowledge of this accident, we are not able to find an abuse of discretion by the trial court.

6. The trial court did not commit reversible error by permitting Moore to testify that if she had been wearing a seat belt she would not have been injured. Even if the court's ruling was error, Moore failed to show both error and harm. OCGA § 9-11-61; *Miller Grading Contractors*, 247 Ga. at 734.

7. We cannot say that the trial court improperly admitted evidence of Eady's conviction for possession of cocaine with intent to distribute because Moore failed to raise a proper objection. Moore cannot raise for the first time on appeal an objection that this exhibit was improper character evidence. Errors not raised at trial will not be considered and ruled upon on appeal. *Brown v. Thomas*, 257 Ga. 68, 69 (1) (354 SE2d 830) (1987).

8. The trial court properly denied Moore's motion for a new trial because there was evidence to support the jury's defense verdict. *Building Materials Wholesale v. Reeves*, 209 Ga. App. 361, 364 (2) (433 SE2d 346) (1993); *Williamscraft Dev. v. Vulcan Materials Co.*, 196 Ga. App. 703, 704 (2) (397 SE2d 122) (1990).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JUNE 3, 1996.

*Franklin D. Hayes*, for appellants.

*Walker & Sweat, Bruce M. Walker, Lowendick, Speed & Donahue, Craig R. White*, for appellee.