A99A0577. AXOM v. WENDY'S INTERNATIONAL, INC.
(518 SE2d 734)

BARNES, Judge.

Vetrina Axom appeals a jury verdict in favor of Wendy's International, Inc. ("Wendy's") in her slip and fall suit. She enumerates five errors concerning jury charges and the trial court's denial of her motion for new trial. We affirm.

1. Axom contends the trial court erred in denying her motion for new trial, in which she argued the verdict was strongly against the weight of the evidence. "On appeal, the evidence must be construed to uphold the jury's verdict, and the sole question for determination is whether there is any evidence to authorize the verdict." (Citations

and punctuation omitted.) *Kroger Co. v. Green*, 190 Ga. App. 318 (1) (378 SE2d 905) (1989). "It is well settled that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them except in plain and indisputable cases. [Cits.]" *Pique v. Lee*, 218 Ga. App. 357, 358 (461 SE2d 302) (1995).

To recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard, and (2) that, despite the exercise of ordinary care, the plaintiff lacked knowledge of the hazard due to actions or conditions within the owner's control. *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997); *Lovins v. Kroger Co.*, 236 Ga. App. 585 (512 SE2d 2) (1999).

Construed to support the verdict, the evidence showed that Axom claimed she slipped and fell in a Wendy's restaurant near the salad bar. She testified that an employee was tending to the salad bar as she walked by, and that her skirt was wet after she fell. She did not know where the wetness on the floor came from or how long it had been there. She further testified that the salad bar employee helped her up and a store manager took her name and phone number. A friend testified and corroborated Axom's version of events.

The store manager testified that, on the day Axom says she fell, he recalled a woman asking for him and demanding a form to fill out "for when people fall." The woman did not appear distressed, he said. He took some information from the woman, then visually inspected the area where she said she fell and saw no wet spots on the floor. He said he never heard from the woman again, did not recall her name, and had not personally seen anyone fall. Finally, he testified that the store's inspection procedure was to have an employee walk through the store every 15 minutes and look at the tables, carpets, and floor to make sure they were clean and, to the best of his knowledge, that procedure was followed the day Axom said she fell. The only evidence Wendy's submitted to the jury was the manager's testimony.

Axom apparently proceeded on a constructive knowledge theory, as she presented no evidence that a Wendy's employee knew of any foreign substance on the floor, but testified that an employee was refilling items in the salad bar next to where she fell. Given this evidence, the jury could have found that Wendy's had no constructive knowledge that a foreign substance was on the floor. In fact, given the store manager's testimony, the jury could have decided that Axom did not fall at all. We find the trial court did not err in denying Axom's motion for new trial on the general grounds.

2. Axom contends the trial court erred in failing to charge the jury on Wendy's burden to prove its affirmative defenses by a prepon-

derance of the evidence. However, Axom did not request such a charge. In the absence of a timely written request, the trial court did not err in omitting a charge that defendant has the burden of proof in establishing affirmative defenses. *Slutzky v. Warbington*, 171 Ga. App. 621, 622 (1) (320 SE2d 623) (1984).

3. Axom next contends that Wendy's presented no evidence showing that she could have discovered or avoided the defendant's alleged negligence, and thus the trial court erred in charging the jury on avoidance of consequences. She correctly notes that when no evidence is presented from which a jury could find the plaintiff could have avoided the accident, it is reversible error to instruct the jury on the avoidance doctrine. See *Carrandi v. Sanders*, 188 Ga. App. 562, 563-564 (1) (373 SE2d 661) (1988). "But to justify a charge on any given subject, direct evidence on that point is not necessary. It is sufficient if some evidence exists from which the jury may engage in a legitimate reasoning process to reach an inference on that point. [Cit.]" *Goss v. Total Chipping*, 220 Ga. App. 643, 646 (4) (469 SE2d 855) (1996).

Here, Axom's witness first testified that she saw water and ice on the floor after Axom fell, then testified that she did not see ice, only water. She confirmed that when she walked up after Axom had fallen by the salad bar, she looked down and could see wetness on the floor. Axom testified that she was not looking at the floor when she fell, and that she had seen an employee packing ice around the salad bar before she fell. Whether in exercising ordinary care for her own safety Axom should have seen ice or water on the floor, or whether she could have avoided the consequences of Wendy's alleged negligence were questions for jury resolution. *Walker v. Bruno's, Inc.*, 228 Ga. App. 589, 591 (3) (492 SE2d 336) (1997). We conclude the trial court did not err in charging the jury on the doctrine of avoidance of consequences.

4. Axom also argues that the avoidance of consequences charge given was incorrect, substituting "plaintiff" for "defendant" in one place as follows:

> As to avoidance of the consequences, if the plaintiff by the exercise of ordinary care could have avoided the consequences caused by the defendant's negligence, if any, then the plaintiff is not entitled to recover. In other cases the *plaintiff* is not relieved even though the plaintiff may have contributed to the injury sustained.

(Emphasis supplied.)

The trial court's reference to "plaintiff" instead of "defendant" in the charge quoted above was a mere slip of the tongue. Examining

the charge as a whole, we note the court covered similar ground earlier in charging that "an invitee such as plaintiff in this case is not bound to avoid hazards not usually present on the premises in which the invitee exercising ordinary care did not observe." We conclude that this misstatement resulted in harmless error in the context of the entire charge. *Morrison v. Dept. of Transp.*, 166 Ga. App. 144, 147-148 (2) (303 SE2d 501) (1983) (erroneous substitution of "condemnees" for "condemnor" not reversible error in light of entire charge).

5. Finally, Axom asserts the trial court erred in charging the jury on nominal damages. "Since the jury returned a verdict in favor of defendants, any error in charging the jury regarding nominal damages was harmless error. [Cit.]" *Gaskins v. Taylor*, 195 Ga. App. 716, 717 (3) (394 SE2d 629) (1990).

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 28, 1999 —
RECONSIDERATION DENIED JUNE 11, 1999 — CERT. APPLIED FOR.

*Dozier, Lee, Graham & Sikes, Lester Z. Dozier, Jr.*, for appellant.
*Jones, Cork & Miller, H. Jerome Strickland*, for appellee.