A99A1558. WILLIAMS v. KROGER COMPANY, INC.
(523 SE2d 655)

ANDREWS, Presiding Judge.

Mildred Williams appeals from a jury verdict for the defendant on her slip and fall claim. Williams argues the court erred in refusing her motion to strike the jury panel after the judge made remarks to the jury which she claims prejudiced them against her. Williams also contends the verdict was against the weight of the evidence and was contrary to law and principles of justice. We disagree and affirm.

On appeal, the evidence must be construed to uphold the jury's verdict, and the sole question for determination is whether there is any evidence to authorize the verdict. It is well settled that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them except in plain and indisputable cases.

(Citations and punctuation omitted.) *Axom v. Wendy's Intl.*, 238 Ga. App. 528-529 (1) (518 SE2d 734) (1999).

Accordingly, the evidence at trial, construed to support the ver-

dict, was that Mildred Williams, after getting her groceries, went to the check-out counter to pay. The cashier told her to go over to customer service to cash her check. Williams turned away to walk over to the customer service counter and then suddenly slipped and fell backward to the floor. Williams said that after her fall, she saw a bag of ice on the floor nearby. A store employee testified that after Williams fell, they found two pieces of ice "at the end of the register." The ice on which Williams slipped was the type dispensed from a self-service drink machine in the deli. The employee said the ice could not have been there long because there was very little melted water around the ice.

Williams's husband said that after his wife fell, he looked around and saw a ripped open bag of ice on the floor. He also stated that the only store employee in the vicinity was the cashier who was checking out their groceries. The cashier, who went around to help Williams, said there was a piece of ice next to Williams and that must have been what caused the fall. She said she was unable to see the ice from her position behind the counter. Some children with cups of ice had just come through the line at that same register, and the cashier speculated that they might have dropped some of the ice on the floor, but no one saw them do so. None of the Kroger employees saw a bag of ice on the floor.

1.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

There was no evidence in this case that any Kroger employee had actual knowledge that there was ice on the floor. The jury could also conclude from the evidence that no employee had constructive knowledge of the ice.

In order to show constructive knowledge, the plaintiff must present evidence that an employee was in the immediate vicinity of the hazard and could easily have seen the substance or that the substance was on the floor for such a length of time that it should have been discovered and cleaned up if the proprietor had exercised reasonable care. *Lovins v. Kroger Co.*, 236 Ga. App. 585, 586 (512 SE2d 2) (1999).

Here, the cashier testified that she could not see the floor from behind her counter and that the ice could possibly have been spilled

by some children who had just gone through the check-out line. There was also testimony that the ice cubes looked "intact," and there was no puddle of water from melting ice at the time Williams fell. Therefore, the jury could have concluded that the only employee in the vicinity could not have seen the ice and also that the ice had been there only for a short time. Accordingly, there was evidence to support the verdict.

2. Williams also argues that the trial court erred in refusing to strike the jury panel after the trial judge made certain comments to the jury. There was no transcript of the jury selection, but it appears that during voir dire, certain jurors expressed concern that the courts were awarding "excessive verdicts" in personal injury cases. The trial judge told them the court did not award anything, it was the jurors who determined the award. After the court's comment, Williams requested that the court strike the panel, and the court denied the request.

There was no error. The court corrected a false impression held by certain jurors with a simple statement of fact. Williams's main argument appears to be that the judge was too vehement in his statement. But, Williams makes only conclusory allegations about the judge's vocal emphasis. Complaints about the tone of voice or demeanor of a trial judge, without more, are not reviewable on appeal unless the appellant has completed a record which will enable an appellate court to review her contentions. *Milhouse v. State*, 254 Ga. 357, 359 (329 SE2d 490) (1985).

Williams also complains about remarks the judge made to the jury after they reached a verdict. Because Williams can show no harm from these statements, there was no reversible error. *Wehunt v. ITT &c. Corp.*, 183 Ga. App. 560, 562 (359 SE2d 383) (1987).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur specially.*

RUFFIN, Judge, concurring specially.

I concur in the result reached by the majority and in the analysis in Division 1. I cannot agree, however, with the analysis in Division 2.

During voir dire, the trial judge apparently told the prospective jurors that juries — not courts — were responsible for awarding excessive verdicts in personal injury cases. After the plaintiff's attorney objected, the trial judge explained that he felt he needed to educate the jury. The majority found no error because "[t]he court corrected a false impression held by jurors with a simple statement of fact." I believe the trial judge's remark was improper, ergo error, but the error is harmless.

We have recognized the importance of ensuring that nothing takes place before a jury panel that might cause jurors to form an

opinion about the merits of the case.[1] A trial judge's instructions to the jury about the mechanics of the trial process serve a useful function when those instructions are informative, accurate, and topical.[2] But a judge's extraneous or inaccurate comments, even though well intentioned, may impair prospective jurors' views of the parties. In *Edmonds v. State*,[3] for example, the trial court told the jury panel during introductory remarks that prior criminal records of defendants are usually inadmissible and that most criminal cases are resolved by plea bargaining. Defense counsel moved to strike the panel, arguing that the jurors could infer from the judge's comments that the defendant had a criminal history and was guilty.[4] We held that the trial court's remarks were inappropriate and that the motion to strike should have been granted.

In this case, the trial judge's comment about jury verdicts was similarly inappropriate. First, the comment was not entirely accurate. Although personal injury cases are often tried to a jury, they may also be tried by the court in certain instances.[5] When a plaintiff prevails in a bench trial, the trial court determines the amount of damages and may award a large amount if the evidence supports it. The judge's remark suggested that courts never award verdicts to personal injury plaintiffs, or that if they do, such awards are not in an amount that could be called "excessive." The remark also may have suggested that the judge disapproved of large damage awards. The remark was therefore neither correct nor relevant.

On the record before us, however, I find that the remark was harmless error. It was a general comment, not directed to the plaintiff in this case; it was apparently brief and made in passing; and there is no indication that it was intended to prejudice the plaintiff.[6] In addition, as the majority points out, the plaintiff's objection to the comment centered upon the judge's tone of voice and, as such, is not reviewable. For these reasons, reversal is not required.

I am authorized to state that Presiding Judge Pope joins in this opinion.

DECIDED OCTOBER 19, 1999.

*C. Victor Long*, for appellant.

---

[1] See *Glaze v. State*, 180 Ga. App. 526, 527 (349 SE2d 496) (1986); *Franklin Life Ins. Co. v. Hill*, 136 Ga. App. 128, 131 (2) (220 SE2d 707) (1975).

[2] *Decker v. State*, 139 Ga. App. 707, 708-709 (4) (229 SE2d 520) (1976).

[3] 196 Ga. App. 190, 191-192 (395 SE2d 566) (1990).

[4] Id. at 192-193.

[5] See, e.g., *Bonner v. Smith*, 226 Ga. App. 3 (485 SE2d 214) (1997); *Grissett v. Wilson*, 181 Ga. App. 727 (353 SE2d 621) (1987).

[6] See *Glaze*, supra.

*Webb, Carlock, Copeland, Semler & Stair, James R. Doyle II, Douglas A. Wilde, Erika K. Kohler*, for appellee.