A07A0488. LOTT v. RIDLEY et al.
(647 SE2d 292)

RUFFIN, Judge.

Barbara and Clarence Ridley brought a personal injury action against Jesse Lott to recover for damages allegedly resulting from an automobile collision. After trial, a Glynn County jury awarded the Ridleys $16,398.68 for medical expenses and $38,000 in compensatory damages. Lott appeals the denial of his motion for a new trial, arguing that the trial court erred in admitting narrative medical testimony and allowing the jury to consider future medical expenses. Because we agree that the trial court erred in admitting certain medical testimony, we reverse.

1. Lott contends that the trial court should not have admitted reports from two of Barbara Ridley's doctors because they did not comply with the medical narrative requirements set forth in OCGA

---

[13] See id.

§ 24-3-18. Subject to certain requirements, OCGA § 24-3-18 (a) provides an exception to the hearsay rule and authorizes the admission of written medical reports without requiring the doctor's testimony at trial.[1] The statute "applies to reports which set forth, in story form, the author's assessment of the patient's history, examination, diagnosis, treatment, prognosis, or interpretation of tests or examinations, including the basis therefor."[2] However, records which would require an expert to explain them are still subject to a hearsay objection, as "the law authorizes the admission of only those reports which, rather than consisting of unexplicated medical terms and uninterpreted scientific test results, set forth the relevant information in prose language that is more readily understandable to laymen."[3] We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard.[4]

Lott asserts that two of the doctors whose reports were tendered at trial made no attempt to use lay language or to explain any of the medical terms they used. Counsel for the Ridleys read into the record reports by three doctors, including Dr. Halverson, a chiropractor, and Dr. Shenkman, a neurologist. Dr. Halverson's report is in a narrative form and summarizes Barbara Ridley's injuries and treatment. It presents the relevant aspects of her injury, diagnosis, treatment, and prognosis in a logical form. While it contains medical terms, it attempts to explain those terms in the context of the report. Thus, based on our review of the record, the trial court did not abuse its discretion in admitting Dr. Halverson's medical narrative into evidence.[5]

Dr. Shenkman, however, apparently did not provide a narrative report summarizing Barbara Ridley's condition and treatment; rather, counsel simply read into the record the contemporaneous notes made by Dr. Shenkman at each of Barbara Ridley's visits to him. These notes detail all of the treatments given to Barbara Ridley, and are replete with unexplained medical terms and test results.[6] While many of the medical terms used are identical to those used by Dr. Halverson, the notes do not attempt to explain the terms or put them in context. At one point during the reading of the notes, counsel stated

---

[1] See *Dalton v. City of Marietta*, 280 Ga. App. 202, 204 (1) (633 SE2d 552) (2006).

[2] (Punctuation omitted.) *Bell v. Austin*, 278 Ga. 844, 847 (2) (b) (607 SE2d 569) (2005).

[3] Id.

[4] See *Kohl v. Tirado*, 256 Ga. App. 681, 684 (2) (c) (569 SE2d 576) (2002).

[5] See *Dalton*, supra.

[6] In one report, Barbara Ridley's condition was described as: "Low back pain; degenerative disc at multilevel L4-L5 and L5-S1, lateral foraminal stenosis bilaterally at L4-L5 and L5-S1, bilateral L4-S1 radiculopathies; cervical pain, facet degeneration at C5-6 and C6-7, lateral foraminal stenosis, myositis of the levator scapulae and splenius capitis on the left." Upon reading this, the Ridleys' counsel commented, "I wish I could speak medical."

that the notes gave "a long string of numbers here that [I am] just going to skip and get down to the summary." This bare recitation of the doctor's unedited records clearly is not a medical narrative "in story form," as contemplated by the statute, as it does not "set forth the relevant information in prose language that is more readily understandable to laymen."[7] No attempt at all was made to organize the doctor's notes or structure them to make them more readily understandable to the jury. Accordingly, we find that the trial court abused its discretion in admitting Dr. Shenkman's notes under OCGA § 24-3-18.[8]

The Ridleys argue that any error in admitting the medical narrative was harmless. The improper admission of evidence is harmless "when the erroneously admitted evidence is simply cumulative of admissible and admitted evidence" and there is no reasonable possibility that it contributed to the verdict.[9] In this instance, where Dr. Shenkman's reports constitute the vast majority of the medical evidence introduced by the Ridleys at trial, and most of their contents were not cumulative of other testimony, we cannot hold that the error was harmless.[10] We therefore reverse the trial court's denial of Lott's motion for a new trial.

2. Lott also alleges that the trial court erred in allowing the jury to consider future medical expenses as an element of damages when no evidence of such damages was introduced. Pretermitting whether there was evidence of future medical expenses, the trial court did not specifically instruct the jury about awarding future medical expenses.[11] The verdict form did not contain an option to award future medical expenses. And Lott has not demonstrated that the jury actually awarded any future medical expenses, as Barbara Ridley's undisputed medical expenses incurred at the time of trial were $19,716.68 and the jury only awarded the Ridleys $16,398.68 in medical expenses. Under these circumstances, we cannot see how Lott was harmed by any alleged error.[12]

*Judgment reversed. Blackburn, P. J., and Bernes, J., concur.*

---

[7] *Bell*, supra.

[8] See id.

[9] *Daniels v. State*, 280 Ga. 349, 351 (2) (628 SE2d 110) (2006).

[10] See *Jordan v. Ga. Power Co.*, 219 Ga. App. 690, 693-694 (1) (466 SE2d 601) (1995); compare *EHCA Dunwoody, LLC v. Daniel*, 277 Ga. App. 783, 787-788 (2) (a) (627 SE2d 830) (2006) (when objected-to evidence is cumulative of other testimony, any error in its admission is harmless).

[11] See *Wayco Enterprises v. Crews*, 155 Ga. App. 775, 776 (1) (272 SE2d 745) (1980) (reversible error for trial court to give jury charge on future medical expenses where there was no evidence of such).

[12] See *In re Vincent*, 240 Ga. App. 876, 878 (2) (b) (525 SE2d 409) (1999) ("A party must show harm as well as error to prevail on appeal.").

DECIDED MAY 23, 2007.

*Donald C. Bowman, Jr.*, for appellant.
*Calvin A. Rouse*, for appellees.