## A09A1021. FULLER v. FLASH FOODS, INC.
(679 SE2d 775)

BLACKBURN, Presiding Judge.

In this premises liability action, James Fuller sued Flash Foods, Inc., alleging that Flash Foods breached a duty it owed to Fuller as an invitee when he tripped on a rubber mat outside of the entrance to a Flash Foods store and suffered injuries as a result. Following a jury verdict in favor of Flash Foods, Fuller appeals, arguing that the verdict was unsupported by and contrary to the evidence and that the trial court erred in excluding from evidence certain medical records and his testimony regarding medical bills. For the reasons set forth below, we affirm.

"Once a trial court has entered judgment on a jury's verdict, we will affirm if any evidence supports the verdict so long as no material legal error exists." *Kroger Co. v. Mays.*[1] Indeed, we "must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict." (Punctuation omitted.) *Blosfeld v. Hall.*[2] "With respect to plain legal error, however, our review is de novo." *Kroger Co.*, supra, 292 Ga. App. at 399.

So viewed, the record shows that on the morning of March 13,

---

[1] *Kroger Co. v. Mays*, 292 Ga. App. 399, 399 (664 SE2d 812) (2008).

[2] *Blosfeld v. Hall*, 236 Ga. App. 286, 286 (511 SE2d 196) (1999).

2004, Fuller drove to a nearby Flash Foods convenience store to purchase gasoline. After Fuller finished pumping the gasoline into his vehicle and a separate gas can, he walked toward the store to pay for his purchase. Just outside of the entrance, he tripped on the store's black rubber entrance mat and fell forward through the store's doors and onto the floor, landing on his knee and shoulder. Subsequently, Fuller was able to get up without assistance and pay for his gasoline. As he was leaving the store, he noticed that one of the cashiers was stomping on the rubber entrance mat where it had buckled.

Fuller sued Flash Foods, claiming that it had breached its duty to keep its premises safe for invitees and that this breach caused him to trip on the rubber entrance mat and fall. He further claimed that as a result of Flash Foods's negligence, he suffered a herniated disc in his back and other injuries. Flash Foods filed an answer, denying any liability. At trial, Fuller testified regarding the accident and his injuries. In addition, he introduced photographs of the scene and the videotaped depositions of three of his treating physicians, which were played for the jury. Flash Foods proffered no witnesses of its own but played for the jury an additional portion of the videotaped deposition of one of Fuller's treating physicians and also introduced some of Fuller's medical records that indicated that he had a history of back problems. At the trial's conclusion, the jury rendered a verdict in favor of Flash Foods, finding on the verdict form that Flash Foods was not negligent in causing or contributing to Fuller's injuries. Thereafter, the trial court issued a judgment affirming the verdict. Subsequently, Fuller filed a motion for new trial, which the trial court denied. This appeal followed.

1. Fuller contends that the trial court erred in denying his motion for new trial, arguing that the jury's verdict was unsupported by and contrary to the evidence in light of the fact that Flash Foods presented no evidence to dispute his allegations of negligence. This contention is without merit.

> [I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*[3] See *Williams v. Kroger Co.*[4] Whether the

---

[3] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).
[4] *Williams v. Kroger Co.*, 240 Ga. App. 428, 429 (1) (523 SE2d 655) (1999).

invitee carries this burden is generally a question for the jury. *Augusta Country Club v. Blake*.[5] See *Robinson*, supra, 268 Ga. at 748 (2) (b).

In this matter, Fuller testified that he tripped over the rubber entrance mat at a spot where the mat had buckled upward. Although he admitted that he did not look down before stepping onto the mat, he claimed that the buckle in the mat would still have been difficult to see and that the Flash Foods's cashier inside the store would have had a better view of the mat despite its being outside the entrance. However, "Georgia law has long held that the trier of fact may believe or disbelieve all or any part of the testimony of any witness." (Punctuation omitted.) *State v. Guyton*.[6] Accord *Tate v. State*[7] ("[c]redibility of witnesses and the weight to be given their testimony is a decision-making power that lies solely with the trier of fact. The trier of fact is not obligated to believe a witness even if the testimony is uncontradicted and may accept or reject any portion of the testimony"). Thus, a party that bears the burden of proof in a case of disputed liability and is unable to persuade the trier of fact below cannot on appeal argue that the verdict is unsupported by or contrary to the evidence, as the trier of fact was fully entitled to disbelieve all of that party's evidence. Here, because Fuller bore the burden of proof, and because the jury was permitted to disbelieve Fuller's testimony, his argument that the verdict against him was unsupported by or contrary to the evidence fails.

In addition, based on Fuller's testimony and the photographs of the scene, the jury could have concluded that the store's cashier could not have seen the buckle in the entrance mat. Furthermore, based on the testimony of Fuller's treating physicians and the medical records introduced by Flash Foods, there was evidence from which the jury could conclude that Fuller's back injury was preexisting and not caused by his fall at the store. As previously noted, "every inference and construction in the evidence is indulged in favor of the verdict so as to uphold it." (Punctuation omitted.) *Blosfeld*, supra, 236 Ga. App. at 288. See *Williams*, supra, 240 Ga. App. at 428. Accordingly, the jury's verdict was supported by the evidence. See *Williams*, supra, 240 Ga. App. at 429-430 (1); *Axom v. Wendy's Intl.*;[8] *Walker v. Bruno's, Inc.*[9]

2. Fuller contends that the trial court erred in excluding certified copies of some of his medical records from evidence, arguing that

[5] *Augusta Country Club v. Blake*, 280 Ga. App. 650, 656 (1) (c) (634 SE2d 812) (2006).

[6] *State v. Guyton*, 295 Ga. App. 786, 787 (673 SE2d 290) (2009).

[7] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

[8] *Axom v. Wendy's Intl.*, 238 Ga. App. 528, 529 (1) (518 SE2d 734) (1999).

[9] *Walker v. Bruno's, Inc.*, 228 Ga. App. 589, 590 (1) (492 SE2d 336) (1997).

those records should have been admitted under OCGA § 24-7-8 (b). "We review a trial court's decisions on the admissibility of evidence under an abuse of discretion standard." *Lott v. Ridley.*[10]

In this matter, Flash Foods moved, pursuant to OCGA § 24-3-18 (a), to exclude some of Fuller's medical records, regarding which no physician was being called to testify, on the ground that Fuller had not provided Flash Foods with 60 days notice prior to trial that Fuller intended to admit the records. The trial court agreed that Fuller failed to provide the required 60-day prior notice and ruled that the records were inadmissible.

OCGA § 24-7-8 (b) provides: "Medical records or reproductions thereof, when duly certified by their custodians, need not be identified at the trial and may be used in any manner in which records identified at the trial by the custodian could be used." However, "OCGA § 24-7-8 deals with the authentication of medical records which are otherwise admissible, and does not eliminate the rule against hearsay or create a new one." *Giles v. Taylor.*[11] See *Moore v. Graham.*[12] In contrast, OCGA § 24-3-18 (a) provides a specified exception to the hearsay rule and allows admission of medical reports *in narrative form* without requiring the production of the doctor as a sworn witness at trial. *Bell v. Austin.*[13]

> Subject to giving the adverse party 60 days notice prior to trial, the statute authorizes the admission of such reports insofar as they consist of medical opinions relating to the history, examination, diagnosis, treatment, prognosis, or interpretation of tests or examinations, including the basis therefor, by the person signing the report.

(Punctuation omitted.) *Dalton v. City of Marietta.*[14] See OCGA § 24-3-18 (a).

Fuller does not dispute that he failed to provide Flash Foods the 60 days notice required for medical reports in narrative form by OCGA § 24-3-18 (a) but nevertheless argues that the records were admissible under OCGA § 24-7-8 regardless of the type of medical record. However, OCGA § 24-7-8 concerns only the authentication of medical records and does not constitute a means by which Fuller may circumvent other applicable evidentiary rules. See *Moore*, supra, 221 Ga. App. at 617 (1); *Giles*, supra, 166 Ga. App. at 563 (1).

---

[10] *Lott v. Ridley*, 285 Ga. App. 513, 514 (1) (647 SE2d 292) (2007).

[11] *Giles v. Taylor*, 166 Ga. App. 563 (1) (305 SE2d 154) (1983).

[12] *Moore v. Graham*, 221 Ga. App. 616, 617 (1) (472 SE2d 152) (1996).

[13] *Bell v. Austin*, 278 Ga. 844, 845 (1) (a) (607 SE2d 569) (2005).

[14] *Dalton v. City of Marietta*, 280 Ga. App. 202, 204 (1) (633 SE2d 552) (2006).

Furthermore, Fuller has failed to provide a record citation for the specific medical records that he claims should have been admitted and thus it is unclear whether those records are narratives, to which OCGA § 24-3-18 (a) applies, or other types of records. Because Fuller has failed to meet his burden on appeal to affirmatively show error in the record, this enumeration presents no basis for reversal, and thus we affirm the trial court's ruling to exclude these specific medical records. See *Nyass v. Tilahun*.[15]

3. Fuller also contends that the trial court erred in ruling that he could not identify his medical bills through his own testimony, pursuant to OCGA § 24-7-9, but was required to identify those bills through the testimony of his medical providers. This contention is without merit.

Under OCGA § 24-7-9 (a), plaintiffs in a personal injury action are "competent to identify bills for expenses incurred in treatment of the subject injury, and to prove that the charges were reasonable and necessary, where the bills were received from various specified health care providers (e.g., a hospital, pharmacy, licensed practicing physician)." (Punctuation omitted.) *Hart v. Shergold*.[16] Here, after discussing his medical bills during direct examination, Fuller was asked by his counsel if "these bills are for this medical treatment you received as a result of your injuries?" Flash Foods objected on the ground that the question called for a medical opinion. After a brief discussion between opposing counsel, the trial court stated:

> I think what we're getting into is a manner of semantics. I think the question goes to whether or not this treatment that — resulting in these bills was rendered as a result of what the witness believes were injuries sustained in the fall. And you're going more towards a medical diagnosis, and obviously he's not in the position to make a medical diagnosis, so I think that's clarified for the jury. . . .
> So with that clarification I'll allow the question.

Subsequently, Fuller's counsel asked Fuller: "Well I'd like to ask you then, are these medical bills you incurred for the treatment of the injuries you sustained in this fall?" Fuller responded affirmatively and further testified, without objection, that his medical bills totaled $33,743.47.

Fuller now argues that the trial court prohibited him from identifying his medical bills through his own testimony. However, his contention is clearly belied by the record, which demonstrates that

---

[15] *Nyass v. Tilahun*, 281 Ga. App. 542, 544 (2) (636 SE2d 714) (2006).
[16] *Hart v. Shergold*, 295 Ga. App. 94, 96 (1) (670 SE2d 895) (2008).

the trial court simply clarified opposing counsels' semantics argument but allowed Fuller to testify regarding his medical bills and the total dollar amount incurred. Under these circumstances, the trial court's actions did not constitute an abuse of discretion. Moreover, given the fact that Fuller was permitted to identify his medical bills through his own testimony, he has failed to show that he suffered any harm as a result of this alleged error. See *DeGolyer v. Green Tree Servicing*;[17] *Lott*, supra, 285 Ga. App. at 515 (2).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 3, 2009 — 

*Phillips & Kitchings, Richard Phillips,* for appellant.
*Brennan, Harris & Rominger, Edward R. Stabell III,* for appellee.

---

[17] *DeGolyer v. Green Tree Servicing*, 291 Ga. App. 444, 452 (5) (d) (662 SE2d 141) (2008).